|158|35|
|179|35|

# Sidney School Furniture Co., Appellant, *v.* Warsaw Township School District.

[Marked to be reported.]

*Contract—Rescission—School district—Parol evidence—Minutes of school board.*

Plaintiffs, a school furniture company, entered into a written contract with a school district for the furniture of several school houses. It was alleged by defendant, the school district, that at the time the written contract was executed, a contemporaneous parol agreement, which induced it, was also made, and was to the effect that if defendant, upon examination of the furniture sold by plaintiff to a neighboring district, should find it unsatisfactory and defective, defendant would not be bound to take the furniture; and also that if when the furniture arrived it was not as good as the sample, defendant would not be required to take it. An examination of the furniture in the neighboring district proved it to be unsatisfactory. By resolution the directors rescinded the contract. The president of the board then notified defendant that the contract was annulled, and directed that the furniture should not be shipped. Notwithstanding this notice the furniture was shipped. *Held:*

1. That the fact that the minutes authorized the board to execute the written contract did not necessarily exclude evidence of a distinctive parol contract made at the same time.

2. That the resolution of the board rescinding the contract was properly admitted in evidence, as it was the basis of the notice of the rescission.

3. That the president was competent to send the notice, and needed no further or formal authorization of the board.

4. That as plaintiff elected to disregard the rescission by sending the furniture it was competent for defendant to show that the furniture was not such as had been contracted for.

*Rescission—Fraud—Evidence—Bond of indemnity.*

In the above case the fact that defendant required from other furniture companies a bond of indemnity against any damages that might be recovered by plaintiff, as a condition for a contract, was no evidence of bad faith in rescinding the old contract.

*Practice—Withdrawal of evidence.*

Where incompetent evidence is withdrawn before argument it does not cast such a taint upon the relevant testimony as will justify a reversal of the judgment.

Argued Oct. 3, 1893. Appeal, No. 180, Oct. T., 1892, by plaintiff, from judgment of C. P. Jefferson Co., Sept. T., 1885, No. 403, on verdict for defendant. Before STERRETT, C. J.,

GREEN, WILLIAMS, McCOLLUM, MITCHELL, THOMPSON, and DEAN, JJ.

Assumpsit for goods sold and delivered. Pleas, non assumpsit and payment with leave, etc. [Cf. 130 Pa. 76.]

The facts appear by the opinion of the Supreme Court.

At the trial, before WILSON, P. J., the court, under objection and exception, admitted evidence of the parol agreement referred to in the opinion of the Supreme Court. [1–4.]

Plaintiff offered to show by S. W. Temple, a witness for defendant, on cross-examination, that when the school district was negotiating with agents of other companies for the purchase of furniture, that it was a condition that whoever received the contract should indemnify the township against any action or suit brought by plaintiff. Objected to, objection sustained and exception. [7, 8, 12–16.]

The court, under objection and exception, admitted the evidence of various witnesses to the effect that the furniture delivered by plaintiff was defective. [5, 6, 9, 10.]

When T. F. Richard, a witness for defendant, was on the stand, he was asked : " Q. State whether or not you would have voted for the resolution if those representations that you have testified to had not been made ? " Plaintiff's counsel object to the question as asking for a conclusion. Objection overruled, testimony admitted and exception. [11]

The witness answered in the negative.

The court, under objection and exception, admitted the telegrams quoted in the opinion of the Supreme Court. [17]

Plaintiff's points were among others as follows :

" 3. That if the jury find from the evidence that plaintiff has complied with his part of the contract in this case and that the defendant corporation elected to rescind the said written contract by setting up an alleged parol contemporaneous agreement giving them that right, and they acted on it, then they are bound by that election, and if they refused to receive the furniture and pay for it because of the alleged right to rescind, and before an actual bona fide inspection of the furniture, or an opportunity was had to judge of its quality or merits, then that was a waiver of all defences on account of the actual quality of the furniture, and unless the jury should find that the defendant has proven

by clear, precise, and indubitable evidence that there was such a parol agreement, the plaintiff is entitled to recover in this action the contract price of the furniture." Refused. [18]

" 4. That if the jury find from the evidence that the defendant corporation elected to rescind the contract and refused to receive the furniture before an actual bona fide inspection of it, or before an opportunity was had to judge of its quality or merits, then the defendant is estopped from setting up that the furniture was not of the kind and quality called for in the contract." Refused. [19]

" 5. That if the jury find from the evidence that there was no contemporaneous parol agreement made altering the written contract, and as the guaranty of the plaintiff, as therein contained, provides that the furniture shall be made of seasoned material and give good satisfaction, then if the jury further find that the defendant refused to receive and pay for the furniture as provided in the contract before they had any opportunity to examine it and ascertain whether it was of the kind and quality called for in the contract, then their rejection was prematurely made, and under the pleadings in this case the defendant cannot set up that the furniture was not of the kind and quality called for in the contract as a bar to this action." Refused. [20].

" 7. That the evidence offered on the part of the defendant in this case to set aside the written contract is not of that clear, precise, and indubitable character required to establish a contemporaneous parol agreement to set aside the written contract, and the written contract must be taken as the agreement of the parties." Refused. [21]

" 8. Whereas the written contract in this case, dated July 25, 1885, contains the following notice : ' This contract is to be the guide of purchasers, therefore make it plain to them and leave them a duplicate,' and as this notice was strictly complied with by the plaintiff's agent, defendants are precluded from setting up any contemporaneous parol contract not contained or embraced in the written contract." Refused. [22]

Defendants' points were as follows :

" 1. If the jury believe from the evidence that plaintiff's agent, H. M. Sweet, at the time of making the contract for the furniture, as an inducement to obtain the contract referred the defendant to furniture in the Du Bois and Coder school houses,

or either of them, as specimens of the manufacture of the firm he represented, and agreed, if upon examination of the furniture there found it was unsatisfactory, they need not accept the furniture ordered, and if the contract was executed by the defendant on the faith of such verbal agreement, and the defendant promptly made the examinations and found the furniture unsatisfactory and notified the plaintiff within a reasonable time thereafter not to ship it, they were not bound to receive it, and if the jury so find, their verdict should be for the defendant." Affirmed. [23]

" 2. If Sweet, the plaintiff's agent, made false and fraudulent representations of a material character to obtain the contract, by which the defendants were induced to make the contract, and as soon as defendants found such representations to be false, they annulled the contract and so notified the plaintiff within a reasonable time, they were released, and if the jury so find, their verdict should be for the defendant." Affirmed. [24]

" 3. If the jury believe from the evidence that, as an inducement to obtain the contract in suit, the plaintiff's agent, Sweet, exhibited a sample desk to the school board and agreed that if the furniture to be shipped in pursuance of said contract should not be as good in all respects as the said sample, the defendant need not accept the same, and the contract was entered into on the faith of such representations and agreement, such verbal agreement would be binding on the plaintiff, and if the furniture shipped was not as good in all respects as the said sample, and the defendant refused to accept or pay for the same, and the plaintiff had notice of such refusal, their verdict should be for the defendant." Affirmed. [25]

" 4. If the furniture delivered at Brockwayville was not substantially up to the guaranty contained in the contract, the verdict of the jury should be for the defendant." Affirmed. [26]

" 5. If the jury find from the evidence that only part of the furniture shipped was in accordance with the contract and that the rest was inferior, the defendant was not bound to accept any of it." Affirmed. [27]

" 6. That if before any goods were shipped or set apart for the defendant, the defendant countermanded the order, and the plaintiff received said countermand, the verdict of the jury should be for the defendant." Affirmed. [28]

" 7. If the jury find that Loughlin [president of plaintiff company] had no knowledge of the date of the shipment of the goods except what he derived from written entries on his books, not made by himself, or other written evidence not produced, they should disregard his testimony on that subject, in making up their verdict." Affirmed. [29]

The court charged in part as follows :

" The defendant also submitted another point, No. 8, and by their consent that point is not answered, but in lieu thereof this instruction is given : During the trial some of the members of the board were asked if they would have voted for the resolution on the minutes under the circumstances if they had not understood the contract as they now maintain it to be—or substantially the same, and they severally replied they would not.  This testimony is struck out and withdrawn from the jury, and the objections taken thereto by plaintiff's counsel are sustained, and the prior rulings in conflict herewith are changed as above.  There is some doubt in the minds of the counsel as to exactly what was done.  My recollection is that in some instances when witnesses were asked that question, exception was taken, in others, it was not ; therefore, to make it plain, this instruction is given to the jury,—so that it is all out ; that is, anything they would not have done if it had not been under the circumstances stated." [30]

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1–17) rulings on evidence ; (18–30) instructions ; quoting bills of exceptions, evidence and instructions.

*H. Clay Campbell, Alexander C. White* with him, for appellant.—The school board having made a record and minute of their proceedings, that must be taken as the official action of the board, and the best evidence of what was done by them in their official capacity.  The offers do not propose to show or prove that anything was left out of the minutes by fraud, accident or mistake : Act of May 8, 1854, P. L. 617 ; 1 Dill. Mun. Corp. § 298 ; Gearhart v. Dixon, 1 Pa. 224 ; School District v. McBride, 22 Pa. 215 ; Walker v. France, 112 Pa. 203 ; Thomas v. Loose, 114 Pa. 35 ; Ferguson v. Rafferty, 128 Pa. 337.

Besides, defendant had distinct notice that no one was authorized to change, modify or in any way affect the writing, by verbal agreement or otherwise : Thomas v. Loose, 114 Pa. 35 ; Express Publishing Co. v. Aldine Press, 126 Pa. 347.

Defendants are not permitted to testify their unexpressed intent, motive or belief, at the time they signed the contract : Spencer v. Colt, 89 Pa. 314 ; Juniata B. & L. Association v. Hetzel, 103 Pa. 507 ; Thomas v. Loose, 114 Pa. 35 ; Freeport Borough v. Marks, 59 Pa. 253.

Books of a corporation are not evidence against strangers : Com. v. Woelper, 3 S. & R. 29 ; Diehl v. Adams Co. Mutual Ins. Co., 58 Pa. 443 ; 1 Dill. Mun. Corp. § 305 ; Taylor on Private Corp. § 263.

The election to rescind being in disaffirmance of the contract, defendant is bound by his election : School Furniture Co. v. Warsaw School District, 122 Pa. 494 ; s. c., 130 Pa. 76 ; Whart. Cont. § 290 ; Heastings v. McGee, 66 Pa. 384 ; Edward's Ap., 105 Pa. 103.

One or more of the directors, without authority from the board, can do no act fixing the district for a liability : Pike Co. v. Rowland, 94 Pa. 238 ; Allegheny Co. Work House v. Moore, 95 Pa. 408 ; Erie School District v. Fuess, 98 Pa. 600 ; Butler v. School District of Borough of Lehighton, 24 Atl. R. 308 ; Strong v. District of Columbia, 9 A. & E. Corp. Cas. 577, citing McCortle v. Bates, 29 Ohio St. 419.

The evidence was insufficient to reform a written contract. Ferguson v. Rafferty, 128 Pa. 337 ; Sylvius v. Kosek, 117 Pa. 67 ; Murray v. R. R., 103 Pa. 37 ; Juniata B. Ass'n v. Hetzel, 103 Pa. 507 ; Phillips v. Meily, 106 Pa. 536.

Irrelevant testimony should be withdrawn before argument, and in such manner as to leave it reasonably certain that it did not taint the relevant testimony : Albert v. Miller, 7 W. N. 477 ; Huntingdon and Broad Top Mountain R. R. v. Decker, 82 Pa. 119 ; Erie and W. V. R. R. v. Smith, 125 Pa. 259.

*Geo. A. Jenks,* for appellee.—Where a party has been induced to sign a written contract by an oral stipulation or condition made by the opposite party at the time of the signing, which he otherwise would not have signed, it is competent to prove by parol that such oral stipulation or condition was made :

Keough v. Leslie, 92 Pa. 424; Hoopes v. Beale, 90 Pa. 82; Laird v. Campbell, 100 Pa. 159; Walker v. France, 112 Pa. 203; Brown v. Morange, 108 Pa. 69; Greenawalt v. Kohne, 85 Pa. 369; Kostenbader v. Peters, 80 Pa. 438.

The evidence admitted was relevant under the pleas of non assumpsit and payment with leave.

Where a contract is entire it is incumbent on plaintiff to show a performance of all that was stipulated on his part to be performed, and on his failure so to do he is not entitled to recover anything: Noble v. James, 2 Grant, 278–284; Shaw v. Turnpike, 2 P. & W. 454–458; Hall v. Rupley, 10 Pa. 232; Martin v. Scheonberger, 8 W. & S. 368; Harris v. Ligget, 1 W. & S. 301.

OPINION BY MR. JUSTICE THOMPSON, October 30, 1893:

The appellee, upon the 25th of July, 1885, entered into a contract in writing with appellant, for the furniture for eleven school houses, and agreed to pay $975 for the same. The appellant covenanted that the furniture should be made of "seasoned material" and "give good satisfaction," and be delivered on or about August 10th following. Upon a refusal by appellee to receive it this suit was brought to recover the price to be paid for the same.

The defence was that when the written contract was executed, a cotemporaneous parol agreement, which induced it, was also made, and was to the effect that appellant had furnished the furniture for two school houses, at DuBois and Coder; that if appellee upon examination of the furniture in them should find it unsatisfactory and defective, it would not be bound to take the furniture; and also that if when the furniture arrived it was not as good as the sample in every respect appellee would not be required to take it; that with this cotemporaneous parol agreement inducing it, the written contract was executed. That in pursuance of this parol agreement, examination having demonstrated the furniture in those school houses was defective and unsatisfactory, the appellee, by resolution, rescinded the contract and so notified the appellant. That after such notice appellant shipped the furniture and appellee refused to receive it.

It appears by the evidence that on the 28th of July several

members of the school board visited the school houses in question and finding the furniture there defective and unsatisfactory the president authorized a telegram to be sent to appellant " to take no action on our order until further orders." On August 7th the school board met, and after a report, by resolution, rescinded appellant's contract. Its president then sent the following telegram to appellant : " Owing to misrepresentation of your agent, H. M. Sweet, we hereby annul our contract and notify you not to ship the furniture, as it will not be received." The appellant in a letter acknowledged the receipt of this notice and stated that the furniture had been shipped on the 6th of August. But the proofs show that it was not in fact shipped until the 8th of that month, within two days of the 10th, the time fixed for shipment by the contract. It arrived at Brockwayville station between the 16th and 29th, and the appellant having refused to receive it and pay for it this suit was, within two days thereafter, brought.

The foundation of the defence rests upon the cotemporaneous parol agreement. As well settled by a line of cases, the proof of such parol agreement, without which the written contract would not have been executed, must be clear, precise and indubitable. The learned trial judge so instructed the jury. The verdict establishes and the evidence shows that this parol agreement was so established by proofs of a clear, precise and indubitable character. But it is contended that they should have been excluded because the minutes of the board were the only evidence of what took place at the meeting when the written contract was executed. The appellant offered the minutes of the meeting of July 28th to show authority for the execution of the written contract. For this purpose, and for no other, they were offered; and while so offered it cannot be held that they excluded proof of a cotemporaneous parol contract made by appellant. The fact that the minutes authorized the board to execute the written contract does not necessarily exclude evidence of a distinctive parol contract made at that time.

In School Directors v. McBride, 22 Pa. 215, where the court below instructed the jury that the minutes were the only evidence of the acts of the school board, and their acts could not be proved by parol, this court said in reversing : " But the

court below misunderstood the opinion in the case of School Directors v. Kline, decided at the last term. We said that school directors are a public body, bound to keep a record of their proceedings, and all their acts should appear on record, and this is true ; but this is not a declaration that their unrecorded acts are void. It indicates the duty of the directors to their constituents and not to those with whom they are contracting, —a duty the neglect of which may be of serious consequence to the district or to the directors themselves, but upon which contractors with the directors do not rely and by which they are not intended to be affected, and for the neglect of which they cannot object."

It is manifest the parol agreement in question was then made by the appellant. If so the proofs are not to be excluded because the minutes do not contain a record of it in connection with that portion of them relative to the authority to execute the written contract. The minutes were the evidence of the authority of the board to execute the latter ; while the proofs of the former were to show that the appellant himself had made it with the board. The failure to make a minute of it cannot operate to destroy it.

The appellee having established the parol agreement, proved that several members of the board, in pursuance of it, examined the furniture in the two school houses and found it defective and unsatisfactory. In consequence of which the board on August 7th, by resolution, rescinded the written contract. It is, however, contended that the resolution which indicated the result of the action of the board should have been excluded because ex parte. But it was clearly admissible to show rescission in pursuance of the parol contract. Without such act there would have been no rescission. It was offered to show the act of rescission under the parol contract. It was passed as a basis of a notice of such rescission and was therefore competent. To hold otherwise would be to hold that a corporation could never rescind a contract by resolution without the presence of the other contracting party.

In pursuance of this resolution the president promptly, and before the furniture was shipped, sent notice of it to the appellant, and the telegram was received by appellant. Its sending was a duty which devolved upon him in consequence of the

resolution of rescission. It was not an attempt to do an act which the board itself could only do, but was one required to be done by him by the action of the board. The contention that he was incompetent to do this act because it lacked formal authorization of the board has no foundation in principle.

The furniture having arrived at Brockwayville station it was examined by a number of witnesses who testified that the portions examined by them were defective, not made of sound material, and were of an inferior quality. The admission of this evidence is assigned for error upon the ground that appellee having elected to rescind it, waived any question as to quality. Without doubt when there is a refusal to receive the article before an actual inspection, or opportunity to judge of its quality or merits, in a suit for damages, no question in that regard can be made. The contract upon which this suit is brought provides that the furniture shall be made of "seasoned material" and "give satisfaction," and, by the parol cotemporaneous agreement, be as good in every respect as the sample then produced. A vendee in case of fraudulent representations by vendor as to value, or in case of fraud, can elect, after discovery of the fraud, to affirm and recover damages, or rescind and recover back the price paid: Heastings v. McGee, 66 Pa. 386. But this is not a suit by a vendee, but by a vendor for the enforcement of a contract. The appellant, after notice of rescission, disregarding the same, shipped the furniture to Brockwayville. As appellant thus elected to disregard the rescission it was clearly competent for appellee to show, under the position thus taken, that appellee was not bound to receive the furniture thus shipped, because it was not such as appellant had contracted to deliver. The price was for one sum, and the furniture was to be one entire lot, all of which was to be of the quality and character contracted for. The contract was for a definite and fixed quantity of furniture and of a certain kind and quality. As the appellant claimed that it had actually delivered the given quantity of the definite quality, it was competent for the appellee to accept the issue thus tendered by appellant and prove that such was not the fact.

The rejection of evidence that appellee before making a new contract for furniture, required a bond of indemnity against any damages that might be recovered by appellant from appellee

which was offered for the purpose of showing that appellee in rescinding did not act in good faith, is made the ground for several assignments of error. The members of the board were performing a duty gratuitously, and, in the performance of it, without doubt naturally sought to protect the board from all possible claims. The fact that they were thus performing their duty with the utmost good faith by seeking to provide for protection in a possible contingency, cannot successfully be made the ground of inferring bad faith on the part of appellee. The rescission was made in good faith, and to suggest a suspicion as to it because out of extreme caution the board determined to exact a bond of indemnity would be manifestly unjust, and evidence for such purpose was clearly incompetent and properly rejected.

The appellant in support of his thirtieth assignment of error invokes the principle that incompetent evidence which tends to prejudice a party or impair the credibility of a witness is not deemed as effaced from the minds of the jury by its withdrawal then from their consideration. In this case, however, the evidence was withdrawn before the argument. It is manifest that it was withdrawn before the argument and could not have been the subject of discussion by counsel before the jury. Such the case, it is difficult to see that it cast a taint upon the relevant testimony.

Judgment affirmed.