Mary Rathgebe v. The Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Construction of station platform—Accumulation of ice—Contributory negligence.*

In an action by a passenger against a railroad company to recover damages for personal injuries, the question of the defendant's negligence and plaintiff's contributory negligence is for the jury where the evidence tends to show that the plaintiff fell on a slope ten or twelve inches high, extending from the station platform to the track platform, and that ice and snow had been permitted to accumulate thereon. In such a case the fact that plaintiff's husband "cautioned her to be careful as the platform was slippery," and "she answered that she would be careful" was not a confession of carelessness, or that there was a better route from the waiting room to the train.

*Evidence—Withdrawal of incompetent evidence—Practice, C. P.*

The admission of incompetent evidence, and the subsequent withdrawal of it before argument, furnishes in itself no ground for continuance or for reversing the judgment.

Argued Oct. 6, 1896.    Appeal, No. 30, Oct. T., 1896, by defendant, from judgment of C. P. Westmoreland Co., Aug. T., 1893, No. 1092, on verdict for plaintiff.    Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.    GREEN and WILLIAMS, JJ., dissent.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

Defendant's points and answers thereto among others were as follows:

4. The plaintiff's husband having testified that, before plaintiff reached the point on the platform where she fell, he cautioned her to be careful, as the platform was slippery, and she having answered that she would be careful, and the evidence being undisputed that the slope or incline was constructed for the purpose of a runway, or track over which to convey the railroad trucks, and provision being made at either end of said runway and in front of both the ladies' and gentlemen's waiting room for approach to and exit from the trains by step from the upper to the lower platform of about ten inches, and the plaintiff passing over the platform in daylight several times each year, we instruct you as matter of law it was her duty to adopt the means provided by the defendant company for use of passengers, and having failed to do that, she is guilty of contributory negligence, and your verdict must be in favor of the defendant.    *Answer:* We cannot so instruct you, but submit to you to determine whether the plaintiff was guilty of any negligence; if so, your verdict should be for the defendant. [2]

5. Under all the law and the evidence we instruct you to return a verdict in favor of the defendant.    *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $2,088.50.    Defendant appealed.

*Errors assigned* were, (1) refusal of court to enter a nonsuit; (2, 3) above instructions, quoting then; (4, 5) in admitting throughout the entire trial the testimony of plaintiff's witnesses showing, or tending to show, that the platform and approaches

from the station to the tracks were dangerous, and at the close
of the trial striking out said testimony without withdrawing a
juror and continuing the case.

*Cyrus E. Woods*, with him *Paul H. Gaither*, for appellant.—
The plaintiff voluntarily subjected herself to a known danger,
resulting in the injury complained of, and there can be no
recovery therefor in this case: Pittsburg Southern Ry. v. Tay-
lor, 104 Pa. 306; Hill v. Tionesta Twp., 29 W. N. C. 390;
R. R. v. Greiner, 113 Pa. 600; R. R. v. Cadow, 120 Pa. 559;
Robb v. Connellsville, 137 Pa. 42.

The court, throughout the entire trial, lasting two days,
erroneously admitted, under objection, testimony of witnesses
as to their opinion of matters which had been fully and accu-
rately described to the jury. At the close of the case this testi-
mony was ordered to be stricken out, yet its effect on the jury
was to prejudice them in determining the rights of the defend-
ant, and it is the right of the defendant to have its case heard
and determined only on proper and relevant testimony: Graham
v. R. R., 139 Pa. 149; R. R. v. Decker, 82 Pa. 119; Shaeffer
v. Kreitzer, 6 Binn. 430; Nash v. Gilkeson, 5 S. & R. 352;
Ingham v. Cairy, 1 Phila. 388; Miller v. Miller, 4 Pa. 317;
Del. & Hud. Canal Co. v. Barnes, 31 Pa. 193.

*E. E. Robbins*, with him *John E. Kunkle*, for appellee.—It
was the duty of the company to provide a safe platform: Hay-
man v. R. R., 118 Pa. 511; P. & R. R. R. v. Anderson, 94 Pa.
351; D., L. & W. R. R. v. Napheys, 90 Pa. 140; Patterson on
Ry. Accident, sec. 342; Lewis v. Seifert, 116 Pa. 628; Steward v.
R. R., 2 Am. & Eng. R. R. cases, 502; Renecker v. South Caro-
lina R. R., 18 Am. & Eng. R. R. cases 149; Ellinger v. P., W.
& B. R. R., 153 Pa. 215; Seymour v. C. B. & Q. R., 3 Bissell, 43;
Weston v. N. Y. & Erie R. R., 73 N. Y. 593; Hartzig v. L. V.
R. R., 154 Pa. 367; Vannatta v. Cent. R. R., 154 Pa. 273;
Baker v. Fehr, 97 Pa. 70; Weimer's R. R. Law, 469; Adams
Express Co. v. Sharpless, 77 Pa. 516; Enches v. N. Y., L. E. &
W. R. R., 135 Pa. 194; P. R. R. v. Henderson, 43 Pa. 452;
P. R. R. v. Henderson, 51 Pa. 315; Westchester & Phila. R. R.
v. McElwee, 67 Pa. 311; McKee v. Bidwell, 74 Pa. 218;
Specht v. P. R. R., 7 Pa. C. C. 54; McNenney v. P. R. R., 150
Pa. 616; Kitchen v. Union Twp., 171 Pa. 154.

The refusal of a trial court to strike out evidence received without objection or to enter a compulsory nonsuit is not reviewable here: Lowrey v. Robinson, 141 Pa. 194; Furniture Co. v. School District, 158 Pa. 45.

OPINION BY MR. JUSTICE McCOLLUM, January 4, 1897:

This action was brought to recover damages for personal injuries alleged to have been received by the plaintiff on the 19th of January, 1893, through the negligence of the defendant. It was conceded on the trial that the plaintiff fell and was injured while walking from the waiting room to the train, but there was a conflict in the evidence as to the place where she fell. The plaintiff claimed that she fell on the slope while the defendant claimed that she fell on the platform between the side track and the Sewickley track. The defendant's claim involved an admission that the plaintiff's fall was caused by the ice on the platform between these tracks, but it did not necessarily convict the defendant of negligence, because it was shown and undisputed that this ice must have been formed from the water which leaked, or was splashed, upon it from the water cars which passed on the Sewickley track but a few minutes before her fall. The evidence submitted by the defendant was mainly directed to this line of defense, and the learned judge of the court below substantially charged the jury that if it was credited by them the plaintiff could not recover.

The plaintiff claimed that the defendant was chargeable with negligence in the construction of the station platform, and in permitting an accumulation of snow and ice upon it. The length of this platform from the west end of the station to the freight platform, and in front of the ticket office and waiting room, was about fifty feet. Along the whole length of it facing the track, it was ten or twelve inches higher than the track platform. For at least three fifths of the length of the station platform there was a slope from it to the platform below. The width of the slope was about three feet, and at each end of it there was nine or ten feet of platform, terminating in a ten or twelve inch step. Passengers in going from the waiting rooms to the trains would have to pass over this step, or over the slope. They were not limited by any order or direction of the defendant to either route, but were at liberty to pass over any part of the platform on their way to and from trains.

The evidence showing the construction of the station platform was sufficient to charge the defendant with negligence in this particular, and the evidence in regard to snow and ice upon it warranted an inference that the defendant had negligently permitted them to accumulate there. But the defendant claimed that if the plaintiff slipped and fell on the slope she was not entitled to recover because, in the then existing condition of the platform and its approaches, she was chargeable with contributory negligence in passing over it. The court was requested, but refused, to direct the jury to find for the defendant on this ground. Did the court err in refusing to grant this request? We think not. The question whether the plaintiff was negligent in passing over the slope on her way to the train was under all the evidence in the case for the jury. The instructions in regard to contributory negligence, and the effect of it upon the plaintiff's case, were unobjectionable and clear. The fact that her husband " cautioned her to be careful, as the platform was slippery " and that " she answered that she would be careful " was not a confession of carelessness, or that there was a better route from the waiting room to the train.

A number of witnesses were permitted to testify that the platform and approaches from the station to the tracks were dangerous, but on the request of the defendant's counsel, and before argument, this testimony was stricken out and withdrawn from the consideration of the jury. It is now contended that the court erred in denying the motion of the defendant's counsel to withdraw a juror and continue the cause. The admission of incompetent evidence and the subsequent withdrawal of it before argument furnishes in itself no ground for continuance, or for reversing the judgment: McGettigan v. Potts, 149 Pa. 155; Canal Co. v. Barnes, 31 Pa. 193; Railroad Co. v. Butler, 57 Pa. 335; Railroad Co. v. Smith, 125 Pa. 259; Furniture Co. v. School District, 158 Pa. 35. In the case before us there was no good reason for apprehending or believing that the defendant would be or was prejudiced by the testimony which was withdrawn before argument, and in regard to which the jury received positive and proper instructions from the court.

Judgment affirmed.