# Frech *v.* Lewis, Appellant.

*Sale—Contract—Sale on condition—Sale for cash—Waiver—Replevin.*

A contract for the sale of chattels for cash is a sale on condition. Where, in case of such a sale, delivery is made by the vendor upon the understanding that the condition will be performed at once, and he then, with reasonable promptness, demands the performance of the condition, the vendee does not acquire title in case of refusal, and the vendor may recover his property in an action. Whether the title has become absolute or not depends upon the question of waiver by the vendor. Waiver is a voluntary relinquishment of a right or advantage to which the relinquisher is entitled and may be shown by express declarations or by acts of evidencing an intention not to insist upon a right; or it may appear from such a course of conduct or failure to act as would justify the conclusion that it was the vendor's intention to waive the right. The evidence must be such as to warrant the inference of a voluntary choice. The question of waiver is one of fact for a jury to be solved by the interpretation put upon the acts and declarations of the vendor or his omission to claim or act.

Where delivery is made without a performance of the condition on the part of the vendor to insist with reasonable promptness upon performance, and on failure by the vendee so to do, the vendor may recover the property. What is a reasonable time depends upon the circumstances, and the conduct of the vendee may materially affect the question whether there has been unreasonable delay in claiming redress.

In an action of replevin to recover carriages sold and delivered to defendant, it appeared that the sale was for cash. There was evidence that when the property was delivered the defendant promised to see the plaintiff and pay him or send him a check in a day or two; that the defendant procrastinated, promised to pay, put the plaintiff off, and at one time delivered to him his note which the plaintiff accepted, as he claimed, upon condition that it could be negotiated at a bank. The bank, however, refused to take the note for the reason that it was worthless, and the plaintiff returned it to the defendant. It further appeared that the plaintiff wrote several letters to the defendant insisting upon payment according to the terms of the contract, and that he made numerous demands on him personally for the money. According to the plaintiff's own statement he "kept going to him and writing to him day by day." He also employed an attorney to demand the money or the goods. Finally after these efforts to secure payment, continuing for more than two months, the action of replevin was brought. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

*Trial—Improper action of counsel—Discretion of court.*

It is the duty of the trial judge to see that the trial is conducted in a legal manner, and the exercise of his authority is discretionary.   Unless this discretion is abused the action of the court is not the subject of an appeal.

Argued Oct. 4, 1906.   Appeal, No. 5, Oct. T., 1906, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1903, No.    on verdict for plaintiff in case of  Henry Frech v. G. Lambert Lewis.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Replevin for two carriages.   Before MARTIN, P. J.
The opinion of the Superior Court states the case.

*Error assigned* amongst others was in refusing binding instructions for defendant, and in refusing to withdraw a juror.

*J. Howard Morrison,* with him *Theodore J. Grayson* and *Wm. McGeorge, Jr.,* for appellant.—If, on a sale for cash, the vendee takes away the goods without payment, the vendor should immediately retake them, and may do so, when necessary, even by force.   By lying by and making no complaint in a reasonable time, he consents to the absolute transfer of the property and is consequently complete against all the world : Bowen v. Burk, 13 Pa. 146 ; Backentoss v. Speicher, 31 Pa. 324.

*J. Fithian Tatem,* with him *James S. Williams,* for appellee. —A delivery with the expectation of receiving immediate payment is not an absolute delivery, and in the absence of evidence of waiver no title passes : Refining & Storage Co. v. Miller, 7 Phila. 97 ; Wabash Elevator Co. v. Bank, 23 Ohio, 311.

The mere delay of two months in asserting plaintiff's right to reclaim the carriages is not conclusive evidence against him.

OPINION BY HENDERSON, J., December 10, 1906 :

It does not seem to be denied that the plaintiff's evidence supported the conclusion of the jury that the agreement with the defendant was for payment in cash on the delivery of the carriages.   The argument of the appellant proceeds upon the

assumption that the sale was conditioned upon the payment of the price at the time of delivery, and that the plaintiff might, within a reasonable time, recover the property if the defendant did not pay.    The defense has its basis in the contention that the condition upon which the contract was made was waived and the title vested absolutely in the defendant, because of the plaintiff's delay in making reclamation.    The question presented at the trial, therefore, was whether the plaintiff had waived the condition of a cash payment.    Delivery was necessary to vest a title in the defendant.    Without it the property remained in the plaintiff.    A contract for the sale of chattels for cash is a sale on condition.    Where, in case of such a sale, delivery is made by the vendor upon the understanding that the condition will be performed at once, and he then, with reasonable promptness, demands the performance of the condition, the vendee does not acquire title in case of refusal, and the vendor may recover his property in an action.    Whether the title has become absolute or not depends upon the question of waiver by the vendor.    Waiver is a voluntary relinquishment of a right or advantage to which the relinquisher is entitled and may be shown by express declarations or by acts evidencing an intention not to insist upon a right ; or it may appear from such a course of conduct or failure to act as would justify the conclusion that it was the vendor's intention to waive the right.    The evidence must be such as to warrant the inference of a voluntary choice.    The question of waiver is one of fact for a jury to be solved by the interpretation put upon the acts and declarations of the vendor or his omission to claim or act.    The question is : Did the vendor voluntarily relinquish the advantage growing out of the condition in the contract?

Where delivery is made without a performance of the condition on the part of the vendee, it is the duty of the vendor to insist with reasonable promptness upon performance, and on failure by the vendee so to do the vendor may recover the property.    What is a reasonable time depends upon the circumstances, and the conduct of the vendee may materially affect the question whether there has been unreasonable delay in claiming redress.    In the case under consideration, the evidence of the plaintiff shows that when the property was delivered the defendant promised to see the plaintiff and pay him

or send him a check in a day or two ; that the defendant procrastinated, promised to pay, put the plaintiff off, and at one time delivered to him his note which the plaintiff accepted, as he claims, upon condition that it could be negotiated at a bank. The bank, however, refused to take the note for the reason that it was worthless, and the plaintiff returned it to the defendant. It further appears that the plaintiff wrote several letters to the defendant insisting upon payment according to the terms of the contract, and that he made numerous demands on him personally for the money. According to the plaintiff's own statement he " kept going to him and writing to him day by day." He also employed an attorney to demand the money or the goods. Finally after these efforts to secure payment, continuing for more than two months, this action was brought. The court submitted the question to the jury whether there was a waiver by the plaintiff of his right to demand cash on delivery of the property, and this we consider the very question at issue. It cannot be said as a matter of law that the plaintiff's conduct amounted to a waiver of his right. In view of the repeated promises of the defendant the plaintiff might well have been misled and induced to postpone proceedings for the recovery of his property. His delay is evidence, perhaps strong evidence, of a waiver, but it is not conclusive in view of the conduct of the defendant. A delay might be so great that, unexplained, it would be the duty of the court to declare it to have been unreasonable, but here the plaintiff acted with promptness, was duly diligent in demanding performance of the condition and insisted importunately upon the same up to the time the action was brought. No question of the rights of a third person arises in the case as in Bowen v. Burk, 13 Pa. 146, where the vendor allowed the property to remain for ten months in the possession of the vendee without attempting to collect the price or recover the goods. In Backentoss v. Speicher, 31 Pa. 324, the vendor was an assignee for the benefit of creditors and sold the property to the wife of the assignor. The purchase money was not paid, but the assignee accounted to the creditors for the price. In an action nine months after the sale it was held, that after such a lapse of time, and in view of the fact that the plaintiff had accounted for the purchase money as trustee, an absolute transfer of the property should be assumed. A

controlling fact in the case was that the vendor had accounted for the price, which amounted to an affirmation of the sale. The second and third assignments could not have been affirmed without taking from the jury the question of the conduct of the plaintiff as explained by himself.

We are not convinced that the action of the court on the motion to withdraw a juror and continue the case was unwarranted. It is the duty of the trial judge to see that the trial is conducted in a legal manner and the exercise of his authority is discretionary. Unless this discretion is abused the action of the court is not the subject of an appeal. We find nothing in the record indicating that the court below had any ground for concluding that the offer of testimony objected to was not made in good faith, and the learned trial judge acted clearly within the limits of judicial discretion in refusing the motion of the defendant's attorney, as set forth in the first assignment of error.

The assignments are overruled and the judgment affirmed.

RICE, P. J., PORTER and HEAD, JJ., dissent.