## Mitchell *v.* Edeburn, Appellant.

*Brokers—Real estate brokers—Commissions—Contradiction of testimony —Question for jury.*

In an action to recover commissions on a sale or exchange of real estate the defendant although admitting that an agreement had been made averred that it was conditional only, and was not to be carried out if the defendant needed the money provided by the agreement · for a mining enterprise in which he was interested. He testified that the money was needed in the enterprise, and that the agreement was

never carried out. The evidence showed that nothing was said about money when the negotiations commenced nor when the property was placed in the hands of the plaintiff for sale. At the trial a juror asked whether there was "any evidence that there was anything said about money when they entered into these proceedings," to which the court replied: "Nothing was said about money. I am leaving to you the whole case whether there was any understanding as to payment of money or not, or that the defendant could finally withdraw the proposition when he got ready." *Held,* (1) that the answer of the court was not ground for reversal of a verdict and judgment for plaintiff; (2) that the case was for the jury on conflicting evidence, and that a judgment for plaintiff should be sustained.

*Practice, C. P.—Trial—Striking out testimony—Continuance.*

Where objectionable testimony is at once stricken out by the court, and no reference is made to it thereafter, the admission of such testimony is not ground for reversal where the appellate court is not persuaded that the appellant's case was prejudiced by the testimony.

The admission of incompetent evidence and the subsequent withdrawal of it before argument is not of itself ground for continuance.

*Appeals—Certification by judge—Defective record.*

An appellate court will be justified in refusing to sustain an appeal where it appears that the record of the evidence, the charge of the court, and the answer to points was not certified by the trial judge at the time of the appeal, and not until a day or two before the case was argued in the appellate court, and at a time when the trial judge had ceased to be a member of the trial court.

*Appeals—Assignment of errors—Exception to charge.*

Where the whole of the charge is assigned as error, the whole charge must be quoted in the assignment.

Argued April 30, 1908. Appeal, No. 209, April T., 1908, by defendants, from judgment of C. P. No. 2, Allegheny Co., July T., 1905, No. 661, on verdict for plaintiff in case of Charles G. Mitchell v. W. A. Edeburn and Rachel L. Edeburn. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover commissions on real estate.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented the following points:

1. If the jury believe from the evidence that the plaintiff,

Charles G. Mitchell, produced to the defendants a purchaser in the person of John Z. Levy to whom a proposition of sale or exchange was made by or on behalf of the defendants, and that said Levy in good faith accepted said proposition, then a sale was made and the plaintiff is entitled to recover. *Answer:* Affirmed. [2]

2. If the jury believe from the evidence that the defendants and John Z. Levy entered into a written agreement for the sale or exchange of certain real estate which included the real estate of the defendants described in plaintiff's statement of claim filed in this case, and that said agreement was entered into by the defendants and said Levy as the result of the negotiations of the plaintiff acting for and as the agent of the defendants, then the plaintiff is entitled to recover. *Answer:* Affirmed. [3]

The court charged, inter alia, as follows:

[If Mr. Cochran put this property into Mr. Mitchell's hands and Mr. Mitchell understood at the outset that he was to get a purchaser, but that Mr. Cochran was not bound to accept that purchaser if it was not convenient to pay the money, then Mr. Mitchell could not recover. But if that was not the understanding, but Mr. Mitchell was just employed to sell this property, and if he procured a purchaser for the property, although Mr. Cochran at the end refused to carry the transaction through, that would not relieve the defendants from the payment. Because, if Mitchell was employed to sell the property, and in good faith set about the sale of it, and finally secured a purchaser, and there is no doubt he had secured a purchaser, if you believe the testimony of Mr. Levy, and in fact, all the testimony in the case indicates that a purchaser had been secured upon the terms suggested by Mr. Cochran. If you believe that, and believe that Mitchell did not understand at the outset that if he did sell the property Mr. Cochran would ultimately have the right to say whether he would reject the purchaser because he could not raise the money, then the plaintiff would be entitled to recover.] [4]

[If Mitchell performed his labors and secured a purchaser, and it was not understood that Mr. Cochran could turn the deal

down at the last for any reason he wished, then the plaintiff would be entitled to recover, and that, regardless of the question of Mr. Cochran refusing at the last to consummate the deal.] [5]

[He, Mitchell, notified Mr. Levy, of course, that the papers had been signed, and if the reason why the transaction was not carried out was because Mr. Cochran could not raise the money at the time, as I have said to you, that would not be an answer to Mr. Mitchell's claim; he would still be entitled to recover, unless when he entered into the transaction in the first place it was understood Mr. Cochran could refuse to take it.] [6]

[But Mr. Mitchell was entitled to have his commissions, whether Mr. Cochran agreed to pay them or not, at the time of this conversation.] [7]

Verdict and judgment for plaintiff for $596.18.  Defendants appealed.

*Errors assigned* amongst others were (1) answer of court to juror's question as recited in the opinion of the Superior Court; (2–7) above instructions, quoting them; (8) in refusing to withdraw a juror and continue the case, and (9) that the charge as a whole was inadequate and misleading, but not quoting the charge.

*J. M. F. Carpenter*, of *Carpenter & Chalfant*, with him *C. S. Cochran*, for appellants.—In order that a broker may recover his commissions it must appear that he procured a buyer on the terms fixed by the seller.  He must be the agent of the seller and must act in the utmost good faith toward his principal: Pratt v. Patterson, 112 Pa. 475; McCaffrey v. Page, 20 Pa. Superior Ct. 400.

*George H. Rankin*, for appellee, cited: Hipple v. Laird, 189 Pa. 472; Sweeney v. Oil & Gas Co., 130 Pa. 193.

Opinion by Henderson, J., October 12, 1908:

The plaintiff was employed to sell or exchange certain pieces of real estate belonging to Rachel L. Edeburn.  The defend-

ants had given a power of attorney to Mr. Cochran and the plaintiff's engagement was through him. The evidence shows that pursuant to his employment the plaintiff entered into negotiations with Mr. Levy and secured from him a proposition to exchange real estate owned by him for that belonging to the defendants on condition that the latter pay to Levy $2,000 in addition to the real estate to be conveyed. The plaintiff alleged that this proposition was communicated to Cochran; that after examining the Levy property he proposed to accept Levy's offer if the cash difference was fixed at $1,500, and that the plaintiff was authorized to submit that proposition to Levy. Thereupon, the plaintiff communicated to Levy the modified proposition which the latter then accepted. It was further shown by the plaintiff that the verbal agreement was reduced to writing and submitted to Cochran who suggested certain modifications in form and stated that the contract as revised was satisfactory and that the deal was closed. Mitchell then notified Levy who came to his office and signed the contract. Shortly afterwards Cochran came to the plaintiff's office on the latter's notice and signed the agreement. It was prepared in triplicate and Cochran took one of the copies away with him. Afterwards he returned to the plaintiff's office and notified him that the deal would not be carried through and at the same time erased his name from the contract. The plaintiff alleges that the agreement to sell was unqualified and absolute and that the contract was signed by the defendants' attorney in fact for the purpose of carrying out the exchange of property. The defendants allege that the acceptance of Levy's offer was conditional and contingent on the necessity likely to be imposed on one of the defendants of raising a considerable sum of money in connection with a mining operation in which he was engaged; that the contract in writing was signed with the express understanding between the attorney in fact and the plaintiff that the latter was to hold it until it should be ascertained whether it would be necessary for Mr. Edeburn to furnish the money referred to in aid of the mining enterprise. The controversy between the parties arises at this point and is one of fact. If the plaintiff's evidence is be-

lieved it makes out a clear case of an employment of him as a real estate broker and of the performance of his undertaking by bringing together the defendants' agent and Mr. Levy between whom an agreement was entered into verbally and in writing for the exchange of the real estate which the defendants owned, as a consequence of which the plaintiff is entitled to his commission. The defendants met the plaintiff's claim not by denying that he was employed to dispose of their property or that Mr. Levy was willing and able to carry out his proposition, but with the allegation that the negotiation was made subject to the probability that money might be called for in the mining enterprise in which event the exchange would not be made because it would be inconvenient to raise the boot money; that the necessity to provide funds for the mining company arose and that the condition on which the exchange of land was to be abandoned existed as a result of which the defendants were under obligation neither to the plaintiff nor Levy.

Two subjects involving the payment of money were referred to in the negotiation between Mr. Cochran and the plaintiff. One was the payment of boot on the exchange and the other was the amount likely to be called for in the mining business. During the progress of the delivery of the charge to the jury, one of the jurors asked the court whether there was "any evidence that there was anything said about money when they entered into these proceedings," to which the court replied, "Nothing was said about money. I am leaving to you the whole case whether there was any understanding as to payment of money or not or that Mr. Cochran could finally withdraw the proposition when he got ready." This answer is made the subject of the first assignment of error. It is not clear to what the juror referred; if to the payment of boot the court was strictly correct in saying that nothing was said about that when the parties commenced their negotiation. If the reference was to the raising of money for the mining company the evidence tends strongly to show that that was not referred to when the property was placed in the hands of the plaintiff for sale. But whatever may have been the point to which the juror referred the court evidently intending to qualify the first part of the answer immediately

instructed the jury that he left to them the determination of the question whether there was any understanding as to the payment of the money or not. The jury could not have failed to see that they were at liberty to determine what the evidence was on that subject and to apply it as in their judgment the case required. If a more explicit answer were desirable it was the duty of the defendant to call the attention of the court to the matter. The second and third assignments relate respectively to the affirmation of the plaintiff's first and second points. These points are predicated of the evidence as presented by the plaintiff and were properly affirmed. They were apparently drawn in the light of Sweeney v. Oil and Gas Co., 130 Pa. 193. The court did not by such affirmance instruct the jury that any proposition presented by the agent to a prospective purchaser and accepted by him would bind the principal. The proposition presented by the plaintiff was the defendants' proposition as communicated to the plaintiff by Mr. Cochran. It was not accepted, but a counter-proposition was presented by Mr. Levy which the plaintiff says was accepted by the defendants' attorney in fact, and it was the acceptance of the latter proposition upon which the plaintiff relied and with reference to which the points were presented. The court had already instructed the jury that the plaintiff could not recover unless he had procured a purchaser who was accepted by the defendants. The points were clearly pertinent and the affirmance correct if the facts were as claimed by the plaintiff, and the verdict of the jury being favorable to the plaintiff that controversy is settled. The fourth, fifth, sixth and seventh assignments criticise the charge of the court, but we do not find a sufficient basis upon which they may be supported. The charge is to be considered in connection with the issue joined and the evidence presented by the contending parties. It was conceded that the plaintiff was employed to make the sale or exchange of the defendants' property. It was alleged that the offer of Mr. Levy was accepted unconditionally and that a contract in writing was entered into in conformity thereto. The defendants asserted that there was not an absolute acceptance; that the whole negotiation was condi-

tional and that the plaintiff was so instructed and so agreed. The court was within the limits, therefore, in instructing the jury that if the plaintiff was employed to make the sale or exchange and procured a party satisfactory to the defendants as claimed by the plaintiff, the latter was entitled to his compensation unless it was understood that the defendants might withdraw from their bargain after it was made if they saw fit so to do. This was the issue presented to the jury by the charge and we think this was plainly and properly done. Regard is to be had to the evidence in determining the relevancy and accuracy of the charge, and taking all of the testimony into consideration that given by the judge is not open to criticism. The eighth assignment is without merit. The objectionable testimony was at once stricken out by the court on request of the defendants' counsel and no reference was made to it thereafter. No exception was taken to the refusal of the court to withdraw a juror and no sufficient reason has been suggested why the same should have been done. The admission of incompetent evidence and the subsequent withdrawal of it before argument is not of itself ground for continuance: Rathgebe v. Penna. R. R. Co., 179 Pa. 31. We are not persuaded that the defendants' case was prejudiced by the testimony which was immediately stricken out on motion. The ninth assignment of error is in violation of rule XV. of this court, as it does not quote the whole of the charge excepted to: Kaufman v. R. R. Co., 210 Pa. 440.

There is another objection to the appellants' case. It appeared at the argument that the record of the evidence, the charge of the court and the answers to the points was not certified by the trial judge at the time of the appeal and not until a day or two before the case was argued in this court. The case was then certified by the judge who presided at the trial but who had ceased to be a member of the court at the time the certificate was given. The record is defective, therefore, and the appeal could not be sustained for this reason. We have deemed it advisable, however, to consider it on its merits.

The judgment is affirmed.