## Haun *v.* McCabe, Appellant.

432

Argued May 9, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Rufus S. Marriner,* of *Marriner & Wiley,* with him *D. M. McCloskey,* for appellant.—Although there was stricken from the record the phrase in the testimony

"very high rate of speed" (page 10a of the Record), the fact that a car had passed him was left, and in connection with that car the statement that had been made by the witness, would certainly remain in the minds of the jury.

It is true, the court admonished the jury, but it would not strike us that this would be of avail with the record in the shape it is in, plaintiff failing to connect the car with the accident, having been permitted to refer to it at various times as has been shown. We feel that under these circumstances the defendant was prejudiced, and that a juror should have been withdrawn and the case continued.

We ought to have the right to examine the stenographer for if the stenographer be not present, and we do not have an opportunity of examining her, then the statements and answers have gone into the record to be inferred by the jury that they are correct, and you have practically added the testimony of a witness who is not really produced.

*Robert E. Burnside,* of *Burnside, Moninger & Burnside,* with him *Roy I Carson,* for appellee.—The defendant called a number of witnesses to contradict the testimony of Dr. Lutes, and to testify as to what occurred one-third of a mile up the road. This testimony becomes important in this argument to show that the defendant was not damaged by the volunteered statement of Dr. Lutes, and that the court gave defendant every opportunity to prove the condition of traffic one-third of a mile from the scene of the accident: Unangst v. Kraemer, 8 W. & S. 391.

The objectionable part of Dr. Lutes' answer was immediately stricken from the record at defendant's own motion, and the trial judge cautioned the jury in emphatic language to disregard it. No mention of the objectionable testimony was made in the arguments or in the court's charge. The jury clearly understood that the

objectionable statement was no part of the case to be considered by them: Unangst v. Kraemer, 8 W. & S. 391; Miller v. Miller, 4 Barr 317; Lester v. McDowell, 18 Pa. 91; Franklin Fire Ins. Co. v. Graver, 100 Pa. 266; Com. v. Crossmire, 156 Pa. 304; Wills v. Hardcastle, 19 Pa. Superior Ct. 525; Rathgebe v. R. R., 179 Pa. 31; Sidney School Furniture Co. v. School Dist., 158 Pa. 35; Marshall v. R. R., 240 Pa. 272.

The second assignment of error complains that plaintiff's counsel used the notes of testimony taken by his stenographer at the coroner's inquest, and then failed to call the stenographer as a witness. Plaintiff's counsel did not anticipate that this stenographer would be needed as a witness until the trial was almost over and it developed that there were some discrepancies between the notes taken by Miss McGregor, the stenographer employed by the coroner, and the transcript prepared by Mrs. Stablein, the stenographer employed by plaintiff's counsel. Plaintiff's counsel made every effort to get Mrs. Stablein as a witness, and fully expected to call her as a witness if her appearance could be had. There was never any "understanding" that she would be called as a witness, other than the plaintiff expected to call her if we could get her into court.

OPINION BY MR. JUSTICE DREW, June 30, 1932:

This is an appeal from the action of the court below in refusing a new trial, and entering judgment on a verdict for plaintiff, Mary Haun. The suit is in trespass for damages for the death of her husband, Charles Haun, alleged to have been caused by the negligent operation of an automobile by defendant, J. P. McCabe. There are six assignments of error; however, they present but three questions for our consideration.

On March 30, 1930, about 8:30 in the evening, the said Charles Haun, his wife and their two children, were walking four abreast along the highway from Speers to Charleroi, on that part of the highway which was un-

paved and occupied by a single track of the Pittsburgh Railways Company. Mrs. Haun was walking between the rails, while her husband, whose arm she was holding, was on the other side of the rail nearest the paved portion of the highway. At that place the track was three or four feet distant from the paved highway, which is eighteen feet in width. Defendant's automobile approached from the rear, struck Haun and hurled him forward about eighteen feet, inflicting injuries from which he died two hours later.

During the direct examination of one of plaintiff's witnesses, he was asked the question, "As you were approaching this scene of accident and about a third of a mile from there, did any automobile pass your automobile?" The witness answered, "Yes, there was an automobile passed my car at a very high rate of speed." Counsel for defendant moved to strike out the answer so far as it related to the speed of the car, and the motion was granted. Later, defendant's counsel objected to another reference to the same car. Plaintiff's counsel replied that he was trying to show by circumstantial evidence that the car which passed the witness was the car that struck the deceased, whereupon defendant's counsel requested that if it be not shown that this car was the car which struck Mr. Haun, he wished to move to withdraw a juror and continue the case, because this was an attempt "to get an inference into the case" which would be very prejudicial to defendant—that defendant's car passed the witness a third of a mile from the scene of the accident at a high rate of speed. The court answered that if this were not shown the request would be granted. Counsel for plaintiff asked a few more questions of the witness involving the car, but neither mentioned its speed. At the close of plaintiff's case, defendant's counsel moved to withdraw a juror, as it had not been shown that the car which passed the witness was the car that struck the deceased. The learned trial judge replied that he had in mind at the time of his previous

436

statement that if plaintiff's counsel asked the witness concerning the speed of the car which passed him a third of a mile away, and did not show that it was the same car that struck Haun, a juror would be withdrawn. No such question having been asked, and the objectionable testimony having been stricken from the record at the request of defendant's counsel, the motion was overruled. The judge then instructed the jury emphatically and at length to disregard all testimony relating to the speed of the automobile that passed the witness a third of a mile away, that there was no competent testimony on the point in the case, and that it had nothing to do with the case. Defendant contends that this testimony was incompetent and prejudicial, that it reached the ears of the jury, that they could not help considering it in reaching their verdict, and that, therefore, the motion to withdraw a juror and continue the case should have been granted. There is no force in this argument. The objectionable testimony was immediately stricken out, it was not again referred to by counsel or witness, and the emphatic instructions of the learned trial judge were amply sufficient to impel the jury to discard it entirely. As the mistake of the witness was thus completely cured, the situation did not call for a continuance of the case and would not justify a reversal of the judgment: Franklin Fire Ins. Co. v. Gruver, 100 Pa. 266; McGettigan v. Potts, 149 Pa. 155; Furniture Co. v. School District, 158 Pa. 35; Rathgebe v. Penna. R. R. Co., 179 Pa. 31; Ainsley v. Ry. Co., 243 Pa. 437; Lamont v. West Penn Power Co., 300 Pa. 78; Mitchell v. Edeburn, 37 Pa. Superior Ct. 223. To hold otherwise would mean that in every case where incompetent testimony has been volunteered by a witness, the trial court would be helpless to cure the accidental mistake, and a new trial would be necessary, adding incalculable burdens and delays to litigation. As we said in Delaware & Hudson Canal Co. v. Barnes, 31 Pa. 193, speaking by Mr. Justice STRONG: "Undoubtedly, when a mistake has been made

in the admission of evidence on the trial of a cause, it may subsequently be rectified. It may be withdrawn by the party who has given it, or the court may withdraw it, and positively instruct the jury to disregard it—to discard it from their view. In such a case, it is the duty of the court to see to it that no mischief is done; that the illegal evidence be withdrawn, wholly withdrawn, and withdrawn for every purpose." Furthermore, the withdrawal of a juror and the granting of a continuance is a matter very largely within the discretion of the trial court (Thompson v. Stevens, 71 Pa. 161; Stephens v. Sulkin, 280 Pa. 211; Curry v. Willson, 301 Pa. 467; Com. v. Kosh, 305 Pa. 146 (161); Frech v. Lewis, 32 Pa. Superior Ct. 279), and in this instance that discretion, in our judgment, was properly exercised.

During the trial certain witnesses were cross-examined concerning testimony they were alleged to have given at the coroner's inquest inconsistent with their statements in court. Counsel on both sides indulged in the same sort of cross-examination, reading excerpts of their testimony at the inquest and asking the witnesses whether or not they had so testified. Counsel for defendant used a transcript of notes taken by a stenographer employed by the coroner, and called her to prove her notes. Counsel for plaintiff used a transcript of notes of a stenographer employed by himself; he intended to call her to prove her notes, but was unable to do so, and offered evidence to that effect. The substance of the two transcripts was the same, although the wording sometimes differed slightly. The defendant's witnesses, when asked by plaintiff's counsel whether they had testified as shown in his transcript, agreed they had, so that he completely failed in his efforts to contradict them. It is now claimed that the failure of plaintiff's counsel to produce the steongrapher from whose transcript he read worked to defendant's prejudice, for which reason a new trial should have been granted. This argument has no merit. On the contrary, as is said in the

opinion of the court below, "plaintiff having fallen down in the successful contradiction of the defendant's witnesses, it tended to prejudice the plaintiff's case and work to the benefit of the defendant." Furthermore, the difference between the two transcripts was so slight that we cannot see how defendant could have been injured. The error, if any, was harmless, and for harmless error we do not reverse: Rubinsky v. Kosh, 301 Pa. 35.

The stenographer called by defendant to prove the notes of the testimony taken before the coroner was asked on direct examination, "Did Mrs. Haun in her testimony, as your notes disclose, at any place make the statement that the McCabe car, that the McCabe automobile, left the concrete and ran over on to the street railway tracks?" The witness examined her notes, and replied that Mrs. Haun did not. On cross-examination, plaintiff's counsel had the witness read practically all of her notes of Mrs. Haun's testimony before the coroner, and by such examination showed that although she did not specifically state that defendant's car left the concrete and ran over on the car track, yet her testimony taken as a whole necessarily led to that conclusion. Of this defendant complains, contending that it was but repetition of plaintiff's case in chief, prejudicial to defendant, and that his objection to that line of questioning, as not proper cross-examination, should have been sustained. This argument is completely devoid of merit. The cross-examination was entirely proper to correct the inference defendant's counsel sought to make in his direct examination that plaintiff had not contended before the coroner that her husband was hit when not upon the paved portion of the highway. Standing alone, the answer to the question asked by defendant's counsel would have left the jury with an erroneous and distorted view of plaintiff's testimony at the inquest. It was entirely proper to correct such a wrong impression on cross-examination by eliciting facts, germane to what was inquired into in chief, which qualified or destroyed

the effect of the testimony on direct examination: Bank v. Fordyce, 9 Pa. 275; Jackson v. Litch, 62 Pa. 451; Smith v. Traction Co., 202 Pa. 54; Felski v. Zeidman, 281 Pa. 419.

The assignments of error are overruled and the judgment of the court below is affirmed.