## Heron v. Phipps, Appellant.

*Evidence—Partnership—Holding out as partner—Evidence improperly admitted—Instructions to disregard—Inadequacy of instructions.*

1. Where evidence has been improperly admitted which tends to prejudice the minds of the jurors and is not struck out at or before the close of the testimony, the error is not cured by instructions to disregard it in the charge.

2. In an action to charge defendant as a partner a very large part of the evidence introduced during a trial of four days, consisted of the declarations of an alleged agent, whose agency was never shown, and of the declarations of the alleged partner. Realizing that this evidence was improperly admitted, the court instructed the jury to disregard it, but such instructions were given only in the charge after the argument of counsel, were scattered through a lengthy charge and were not clear and specific. *Held,* the error was not cured and the judgment was reversed.

Argued May 5, 1914. Appeal, No. 139, Oct. T., 1913, by Henry Phipps, defendant, from judgment of C. P. Allegheny Co., Sept. T., 1910, No. 272, on verdict for plaintiff in case of F. H. Heron v. Paul N. Decrette and Henry Phipps, partners doing business as Cafe Fulton. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Assumpsit to recover money loaned and for merchandise furnished on book account.   Before MACFARLANE, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $5,772.58 and judgment thereon.   Defendant, Henry Phipps, appealed.

*Errors assigned,* inter alia, were the admission of certain testimony.

*D. T. Watson,* with him *Thomas D. Chantler, William H. McClung* and *William A. Jordan,* for appellant.— Where evidence has been improperly received which tends to prejudice the minds of the jurors, the error is not cured by the court in its charge directing the jury to disregard the evidence and withdrawing it from their consideration: Hamory v. Penna., Monongahela & Southern R. R. Co., 222 Pa. 631; Rosentiel v. Pittsburgh Railways Co., 230 Pa. 273; Delaware & Hudson Canal Co. v. Barnes, 31 Pa. 193; Huntingdon, Etc., R. R. Co. v. Decker, 82 Pa. 119; Erie, Etc., R. R. Co. v. Smith, 125 Pa. 259; Rathgebe v. Penna. R. R. Co., 179 Pa. 31; Willock v. Beaver Valley R. R. Co., 229 Pa. 526.

*Howard Zacharias,* with him *Harry Diamond,* for appellee.—The offer of evidence as to agency was within the discretion of the court: Central Penna. Tel. & Sup. Co. v. Thompson, 112 Pa. 118; Beal v. Express Co., 13 Pa. Superior Ct. 143; D., L. & W. R. R. Co. v. Cement Co., 13 Northampton County 298.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1914:

We cannot review the case on its merits because of the manner in which it was heard and disposed of on the trial below.   If the learned judge had required the plaintiff to present his evidence in its proper and logical order, the errors which occurred on the trial would doubtless have been avoided, and the seeming difficul-

ties in the disposition of the case would have disappeared. The action was assumpsit to recover money loaned and also a claim due on a book account for beer and liquors furnished to the Cafe Fulton which the plaintiff alleged was a partnership composed of Phipps, one of the defendants and the appellant, and Paul N. Decrette, whom the writings in evidence disclosed to be the proprietor of the cafe. On the trial it having appeared that there was no actual partnership, the plaintiff undertook to charge the defendant Phipps with the indebtedness by showing that prior to giving credit to Phipps, the latter held himself out to the plaintiff as a partner. The proof of the holding out consisted principally of the acts and declarations of one Naylor, the alleged agent of Phipps, and the declarations of Decrette. With possibly one or two exceptions, there was no act or declaration by Phipps himself that can be construed into a holding out or recognition of a partnership composed of the two individuals. One of the vital questions in the case, therefore, was the agency of Naylor in representing Phipps in the business of the cafe so that his acts, conduct and declarations affecting the business would bind Phipps. Instead of proving Naylor's agency in the first instance, the plaintiff proceeded to prove the acts and declarations of Naylor which he alleged were a recognition of Phipps as a partner in the cafe. The defendant Phipps objected to the testimony but the objection was overruled and it was admitted, the court observing that "any statement of Mr. Naylor is allowed in evidence here simply on the proposition that later there will be evidence of his agency; it is all admitted under that proposition, and if that is not proved it all falls." This testimony was supplemented by proof of the declarations and statements of Decrette tending to show Phipps's connection with the business and they were admitted by the court. The first sixty-eight assignments of error are to the rulings on evidence, and most of them relate to declarations alleged to have been made to plaintiff by Naylor

or by Decrette as to Phipps's connection with the business of the cafe. The trial lasted four days and at its conclusion, the learned judge charged that the plaintiff had failed to prove Naylor's agency as to the business of the cafe and that Decrette's statements were not evidence against Phipps. The greater part of the oral testimony was evidence showing the acts and declarations of Naylor and the statements of Decrette, and the learned judge undertook to remedy the error in its admission by instructing the jury to disregard it. He said, inter alia: "There is a great deal of testimony in this case, gentlemen, that we do not have to pass on now; there is a great deal of it that has no bearing upon the question which is to be decided, and it is to be regretted that it is in the case......This is merely preliminary, to try to give you an idea in a general way as to how this evidence got in, most of it properly, some of it I think mistakenly. I think I was wrong in permitting some of the evidence to go in, even from the standpoint that we had not the rest of the case or the defendant's testimony as to the agreements. So that it is very necessary that you should understand just what I am leading to; it is very necessary that you should dispose of the case on that testimony, and nothing more.......I now come to the part of the testimony that I am satisfied should not be in this case, and that we have to exclude, but it will not be so difficult to exclude it from your minds when you see just what it was. I do not mean exclude it from your mind, but not to use it.......I think that I have covered all of the statements which Mr. Heron (plaintiff) said that Mr. Naylor had made, and you see that none of them would be binding, even if he had made them, and even if Mr. Phipps had been here, and had said 'we are going to be partners,' that alone would not bind him as a partner here now, unless there was something to show afterwards that they were partners, but as applied to Mr. Naylor in this matter it has no force. In the next place that testimony was admitted in the expectation that

there would be shown authority for his making it, but that was not shown. So you will simply exclude, so far as Mr. Phipps is concerned, statements made by Mr. Decrette, and statements made by Mr. Naylor......
There was a whole lot of things testified to here, but not a scrap of testimony that Heron knew them before he gave credit."

We cannot agree that the learned judge was successful in withdrawing from the consideration of the jury the evidence of the declarations of Naylor and Decrette introduced by the plaintiff to show that Phipps was held out as a partner of Decrette. We think it obvious that under the circumstances such could not have been the effect of the court's charge. The trial of the cause occupied the attention of the court for four days, and the charge consumed more than one and a half hours in its delivery and covers twenty-four pages of appellant's paper book. The excerpts relating to this subject, quoted above, are scattered throughout the charge and the context does not aid in showing an intention to eliminate the irrelevant testimony from the consideration of the jury. There is no specific instruction to exclude the testimony of any particular witness or witnesses, nor does the learned judge in his charge direct attention to the witness or witnesses whose testimony if believed would constitute the holding out of Phipps as a partner. While it will be observed that there is a plain direction to the jury in one part of the charge to exclude from consideration the statements of Naylor and Decrette it is by no means clear from the excerpts in their entirety the learned judge intended that all the statements of Naylor and Decrette should be withdrawn. Other parts of the charge would seem to indicate that their declarations should be considered by the jury in making up its verdict. The learned court further said: "He (plaintiff) was asked in selling on what he relied, and he said, 'I relied on the statements of Naylor and Decrette,' but as I have already told you, those were statements as to what

they were going to do in the future, statements which did not bind Mr. Phipps, statements on which he had no right to rely.  Nevertheless I submit to you as to whether these things, which it is claimed here he knew, were a proper basis of his giving credit, and whether from the whole case in that connection he did rely upon these various acts in giving credit." This would indicate that the eliminated statements of Naylor and Decrette were only those that related to what was to be done in the future, and that even those were submitted to enable the jury to determine whether they were a proper basis for the plaintiff extending credit to Phipps.  As said by the learned judge "there was a great deal of evidence about what Mr. Naylor said," and, it may be added, the greater part of all the evidence submitted to the jury in the four days' trial was as to what was said by Naylor and Decrette which was later held to be incompetent and irrelevant.  All this evidence was before the jury with the sanction of the court and was not stricken out, and it is most improbable that any subsequent attempt to withdraw it in the charge after the case had been argued by counsel would effect its complete dislodgment from the minds of the jurors.  This was the bulk of the testimony in the case and was at least largely relied on by plaintiff to establish the partnership.  The plaintiff testified that in extending credit to the cafe he relied on "the statements of Mr. Naylor connecting Mr. Phipps with the cafe, and his obligation for it, for the indebtedness, (and) on the fact that Mr. Phipps was represented to me by Mr. Decrette as being a partner of his." The necessity for the complete elimination of the incompetent testimony from the case is apparent, and without further discussion it may be said that it is doubtful if in finding a verdict against Phipps the jury did obey the court's instructions to disregard the testimony.  This, as pointed out, was the testimony offered to establish one of the vital points in the plaintiff's case and it would necessarily be very prejudicial to the defendant.  We

have uniformly held in a long line of cases that where evidence has been improperly admitted which tends to prejudice the minds of the jurors and it is not struck out at or before the close of the testimony, the error is not cured by an instruction to disregard it in the charge. Here, the incompetent testimony was the greater part of the evidence offered to sustain the plaintiff's demand, was not struck out but remained in during the arguments of counsel and was only eliminated from the case by the simple direction of the court in its charge to exclude it. It was then too late and the means too ineffective to cure the mistake of its erroneous admission. We are compelled to remand the case for another trial.

The law applicable to cases of this character is well settled, and the only difficulty that arises is its application to the facts of the particular case under consideration. Aside from the errors in the admission of evidence already adverted to counsel failed to elicit from the witnesses definite testimony as to certain material matters important in the adjudication of the case. On the next trial, the facts should be clearly and concisely developed from the testimony in their proper order so that the issue may be well defined, and if, as on the present trial, a request is then made for binding instructions, the court will not be embarrassed by uncertainty as to the material facts of the case. It is apparent that the dates of certain occurrences are material in determining the liability of the defendant Phipps and that there is a vagueness as to such dates running throughout the entire evidence. If he is to be held liable for the claim in suit by reason of holding himself out as a partner, the plaintiff must show that the act of holding out was done by Phipps or by his knowledge or consent, that the plaintiff knew it, and gave credit on the faith that the defendant was a partner. It is, therefore, apparent that the dates of the alleged acts of the defendant or his authorized agent are material in determining the defendant's liability.

As it does not appear definitely what part of the testimony was excluded, we cannot undertake to determine the competency or relevancy of any of it; nor in declining to sustain the appellant's point for binding instructions must we be understood to hold that the case was for the jury on the evidence presented at the trial. The uncertainty and indefiniteness of the evidence and the manner in which the case was tried make it difficult to dispose of it as a question of law; and that no injustice may be done to either party we think there should be a retrial.

The judgment is reversed with a venire facias de novo.