## Bell, Secretary of Banking, *v.* McAnulty, Appellant.

Argued April 11, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Philip N. Shettig,* with him *Thomas A. Swope,* for appellant.

*Llewellyn E. Lloyd,* with him *John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General and *James H. Duff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 22, 1944:

Where a statute provides that "the shareholders of any corporation formed under this act shall be individually responsible . . . for all contracts, debts and engagements of such corporation to the amount of their stock therein at the par value thereof in addition to the par value of such shares" may a stockholder avoid said liability by the purchase of shares, the certificates for which provide they shall be fully paid and non-

assessable, such purchase having been induced by the false representations of officers of the bank?

This is an action in assumpsit by the Secretary of Banking, Receiver of the Citizens Bank of Barnesboro, appellee, who took possession of the business and property of said bank on May 26, 1931, against Blair McAnulty, appellant, a stockholder in said bank, to recover a stock assessment in the amount of $4,700. All preliminary steps for the collection of a one hundred percent assessment against the shareholders were properly taken and demand duly made upon appellant for payment of the above sum. Liability is denied for the reason that the purchase of the stock was induced by the false representation of the bank officers that it was to be fully paid and non-assessable, and that the certificates of shares of stock so provided. This appeal is from the entry of judgment in the above sum with interest from June 20, 1935, for want of a sufficient affidavit of defense.

Where the legislature has, by definite and unequivocal language, determined the public policy of this Commonwealth with regard to a particular subject, that pronouncement cannot be set aside and rendered unenforceable by a contract between individuals: *Commonwealth ex rel. Schnader v. Keystone Indemnity Exchange*, 338 Pa. 405, 412, and 335 Pa. 333, 336. The principle that a person for whose benefit remedial legislation has been enacted may waive the benefits thereof is inapplicable here. The purpose of the statute in question was to provide additional security for depositors and creditors of the banks created under the Act of 1876, P.L. 161, by making possible a one hundred percent assessment upon each share of bank stock. Provisions in agreements between the bank and subscribers or in certificates of shares of stock issued by the bank which are prohibited by or inconsistent with a statute cannot be set up as a defense to the payment of the obligation which the statute imposes. Cf. *Commonwealth ex rel. Schnader v. Keystone Indemnity Exchange,* supra, 412.

That the purchase of the shares was induced by fraudulent representations of officers of the bank cannot operate to prejudice the rights of depositors and other creditors of the bank. All legislation must be considered as intending to favor public interests, and where it conflicts with the interest of a private individual the latter must be subordinated to the former: *Commonwealth ex rel. v. Sunbury School District*, 335 Pa. 6, 12. To sustain the principle for which appellant here contends would enable individuals to effectively remove themselves from the control of the legislature and make inoperative its numerous powers by the simple expediency of contract.

Judgment affirmed.