Boyd *v.* Smith, Appellant.

Argued November 20, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Henry S. Ambler,* with him *Frank R. Ambler,* for appellant.

*Carlyle M. Tucker,* with him *Theodore Spaulding* and *James K. Baker,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 5, 1953:

The decision in this case turns upon the question of the validity of a clause in a lease relieving the lessor from liability by reason of injury to any person in the demised premises resulting from the lessor's negligence.

The original defendant, Gus Besterman, was the owner of premises 1530 N. 19th Street, Philadelphia. This was a three story building, containing two apartments on each floor, which were rented to tenants. It was unquestionably a tenement within the meaning of the Act of June 3, 1915, P. L. 954, section 4, which defines that term as "any house or building which, or a portion of which, is occupied as a residence by three or more families, living independently of each other, and doing their cooking on the premises, and having a common right in the halls, stairways, yard, cellar, or water-closets thereof, or some of them." That same act provides, section 35, that "No building of any of the grades referred to in this act shall be used for human habitation unless it is equipped with a fire-

escape or fire-escapes as required by law: Provided, That any building of such grades having less than four (4) stories, and used as a rooming-house or tenement, the third story of which shall contain not more than five (5) rooms and a bath-room, and such third story is not occupied by more than ten (10) persons, and has at least one stairway therefrom, shall be exempt from the provisions of the acts of Assembly requiring fire-towers and outside fire-escapes for such buildings, *if every apartment above the second floor in any of said buildings shall be equipped with a satisfactory wire, chain, or other safe fire-escape.*" Section 48 of the act imposes a penalty of fine or imprisonment or both for violation of any of the provisions of the act.

Besterman did not equip his property with any wire, chain, or other safe fire-escape.

Plaintiffs, Mr. and Mrs. Boyd, occupied the third floor front of the premises under a written lease which contained the following clause: "Lessee agrees to be responsible for and to relieve and hereby relieves the Lessor from all liability by reason of any injury or damage to any person or property in the demised premises, . . . caused by any fire, breakage or leakage in any part or portion of the demised premises, or any part or portion of the building of which the demised premises is a part . . . whether such breakage, leakage, injury or damage be caused by or result from the negligence of Lessor or its servants or agents or any person or persons whatsoever."

On the morning of March 25, 1949 a fire broke out in the second floor rear of the building and as it mounted in intensity the flames rose through the stairway and halls and came into the Boyd apartment. Mrs. Boyd was there at the time with her two-year old child. Passage through the hall and down the stairs being

cut off, Mrs. Boyd went to the window seeking a means of escape, and while standing there was severely burned on her face, arms and back. First tossing her child into the arms of a man on the pavement, she herself jumped onto a canvas which, after some delay, was stretched by men in the street. In so doing she suffered severe injuries when the weight of her falling body broke the canvas.

The present suit was instituted by plaintiffs to recover damages for the injuries sustained by Mrs. Boyd. Besterman died after the suit was instituted, and Joseph Smith, the executor of his estate, was substituted in his place as defendant. Plaintiffs recovered a verdict and the court refused motions of defendant for a new trial and for judgment n.o.v.

It is obvious that Mrs. Boyd's injuries would not have occurred had Besterman complied with the provision of the Act of 1915 previously quoted, because, if a wire or chain had been installed as required by the act, Mrs. Boyd could have utilized it and quickly made her way down it to safety. The violation of that provision constituted negligence per se: *Jinks v. Currie*, 324 Pa. 532, 188 A. 356. It is true that the act provided a criminal penalty for the violation of its provisions, but that did not prevent the right of one injured because of such violation to recover damages for injuries sustained thereby: *Danner v. Wells*, 248 Pa. 105, 93 A. 871; Restatement, Torts, §287.

Defendant relies, as previously indicated, on the exculpatory clause of the lease relieving him from liability for injury or damage caused by fire even though such injury or damage might result from his own negligence. Such a protective clause is undoubtedly valid and enforceable if it does not contravene any policy of the law, that is, if it is not a matter of interest to the public or the State but merely an agreement be-

tween persons relating entirely to their private affairs: *Cannon v. Bresch,* 307 Pa. 31, 160 A. 595; *Jacob Siegal Co. v. Philadelphia Record Co.,* 348 Pa. 245, 35 A. 2d 408; *Manius v. Housing Authority of the City of Pittsburgh,* 350 Pa. 512, 39 A. 2d 614; *Wright v. Sterling Land Co., Inc.,* 157 Pa. Superior Ct. 625, 43 A. 2d 614. The situation becomes an entirely different one in the eye of the law when the legislation in question is, as here, a police measure obviously intended for the protection of human life; in such event public policy does not permit an individual to waive the protection which the statute is designed to afford him. It was said in *McCurdy's Estate,* 303 Pa. 453, 461, 154 A. 707, 709: "Statutes grounded on public policy are those which forbid acts having a tendency to be injurious to the public good. The prime question is whether the thing forbidden is inimical to the public interest. Where public policy requires the observance of a statute, it cannot be waived by an individual or denied effect by courts since the integrity of the rule expressed by the legislature is necessary for the common welfare." And in *Bell, Secretary of Banking, v. McAnulty,* 349 Pa. 384, 386, 37 A. 2d 543, 544, it was said: "Where the legislature has, by definite and unequivocal language, determined the public policy of this Commonwealth with regard to a particular subject, that pronouncement cannot be set aside and rendered unenforceable by a contract between individuals." Here the very title of the Act of 1915—"To protect the public health and safety"—indicates that it was intended to enunciate a public policy. The clause in the lease here invoked by defendant is violative of that policy and is therefore legally inoperative and void.

It appears that plaintiffs were allowed to testify at the trial notwithstanding the fact that Besterman, the original defendant, was then deceased. Because

of this error,* defendant claims that he is entitled to
a new trial. The learned trial judge, prior to the clos-
ing arguments of counsel to the jury, granted defend-
ant's motion to strike out all such testimony, explained
at great length, in the charge to the jury, why it was
not admissible, and instructed them to ignore it. Plain-
tiffs' counsel concurred with that request of defend-
ant's counsel that it be stricken from the record. It
is true that, where evidence has been improperly ad-
mitted which might be prejudicial to the other party,
and it is not struck out at or before the close of the
testimony, the error is not cured merely by instructions
in the charge to disregard it: *Pennsylvania R. R. Co.
v. Butler,* 57 Pa. 335, 338, 339; *Rosenstiel v. Pitts-
burg, Rwys. Co.,* 230 Pa. 273, 288, 79 A. 556, 561;
*Heron v. Phipps,* 246 Pa. 294, 92 A. 206. The reason
for this is that a discussion of the objectionable testi-
mony by counsel in his address to the jury would
naturally serve to intensify the evil resulting from its
original introduction in evidence. Where, therefore,
it is stricken out before counsel addresses the jury, and
the court in its charge gives clear and sufficiently
forcible instructions that it be disregarded, it is not
error for the court, in the exercise of its discretion,
to refuse to withdraw a juror, or to dismiss a motion
for a new trial: *Haun v. McCabe,* 308 Pa. 431, 436,
437, 162 A. 906, 907, 908; *Commonwealth v. Fugmann,*
330 Pa. 4, 19, 20, 198 A. 99, 107. Notwithstanding the
elimination of plaintiffs' testimony in the present in-
stance, they established by other competent evidence

* Some of the testimony given by plaintiffs was legally admis-
sible in that it related to facts occurring or conditions existing
subsequent to decedent's death (*Keating v. Nolan,* 51 Pa. Superior
Ct. 320; *Pennell v. Phillips,* 53 Pa. Superior Ct. 324; *Estate of
George H. Lepper, Deceased,* 106 Pa. Superior Ct. 123, 161 A. 569).

all the essential elements of their case; indeed none of the facts was in dispute.

Judgment affirmed.