## Harris v. Greenberg

*Norris, Schmidt, Green, Harris & Higginbotham,* for plaintiff.

*Ambler & Detweiler,* for defendant.

FLOOD, J., September 30, 1958.—The complaint asks damages for injuries sustained by plaintiff as a result of defendant's negligence in allowing the existence of

a dangerous and defective condition of stairs and lighting system in an apartment house owned and operated by defendant in which plaintiff was a tenant. Defendant set up as new matter that the lease entered into by the parties released the lessor "from all liability by reason of any damage . . . to lessee . . . which may arise from . . . the use . . . of . . . any . . . stairways . . . or . . . from . . . defective . . . light" as well as a number of other defective condtions. Plaintiff delayed for a long time before filing a reply to this new matter. When he did file it, his reply was found insufficient by Judge Bok who gave him the right to amend within 20 days. No amendment was filed within this period. Shortly before the end of this period counsel for plaintiff called counsel for defendant who agreed to give him an extension of two weeks. However, no reply was filed within six weeks thereafter and defendant then filed this motion for judgment on the pleadings which was followed the next day by an amended reply by plaintiff.

1. It is quite obvious that this reply came too late and there is inadequate excuse given for the delay. There is nothing to show that defendant's counsel agreed to wait beyond the two weeks, unless it is to be inferred from plaintiff's counsel's letter stating his understanding that he would be given "a reasonable time" to file his reply, but also expressing "trust that this will be filed in less than two weeks." Defendant did actually wait almost six weeks.

Plaintiff had no right to expect further indulgence. In any event the agreement is a verbal agreement and the court cannot recognize it. Pa. R. C. P. 201 requires all agreements of attorneys relating to court business to be in writing unless made at the bar and noted in the prothonotary's office or upon the notes of the court stenographer. The rule is mandatory and should be strictly enforced. A court of common pleas has no right

to waive compliance with Procedural Rules adopted by the Supreme Court. Strict adherence to this rule is important because otherwise the court would be compelled to go into a collateral issue as to whether the alleged oral agreement of counsel was made and enter upon a separate subtrial in which the parties would not be the original parties but their counsel.

It appears to us particularly important that an amended pleading should be filed within the time allowed by the court if we are to make any progress toward the ideal set up in Pa. R. C. P. 126 of securing a just, speedy and inexpensive determination of any action or proceeding to which the rules are applicable. Certainly the rules are not to be liberally construed in a way the plaintiff here suggests to thwart this ideal. It is to be noted that a party who files a pleading, other than a preliminary objection, to which preliminary objections are sustained, has no absolute right to file an amended pleading unless allowed or required by the court. Even though the Supreme Court has said that such amendment should generally be allowed if it appears that the party's substantive position is meritorious, yet the court, in allowing the amendment, must fix the time within which the amended pleading shall be filed. If the spirit of the rules as set forth in Pa. R. C. P. 126 is to be observed, the court would be justified in requiring an amended pleading to be filed in less than 20 days thereafter and should rarely, if ever, allow a longer period. It should be similarly unwilling to permit extensions of the period fixed for the filing of the amended pleadings.

2. This does not mean, however, that we may grant defendant's motion on the pleadings. One of the averments of the amended reply is that the agreement in the lease which defendant has pleaded is contrary to public policy and void. In this we believe that plaintiff stands upon good ground: Boyd v. Smith, 372 Pa. 306

(1953). In that case the provision in the lease relieving the landlord of his responsibility for fire hazards was held void because it was contrary to public policy as set forth in a statute intended "To protect the public health and safety": Boyd v. Smith, supra, 310. We feel that the provision here relied upon is equally illegal and unenforceable because it is contrary to the public policy enunciated in the Philadelphia Housing Code: Title 7 of the Code of General Ordinances of the City of Philadelphia. This code was enacted "to protect the public health, safety and welfare": §7-101. It provides that "no person shall . . . let . . . any . . . rooming unit which does not comply with the following minimum standards for light. . . .

"(g) Every public hall and stairway in every two-family dwelling, multi-family dwelling and rooming house shall be adequately lighted at all times except that in a two-family dwelling an adequate lighting system which may be turned on when needed by conveniently located light switches shall be permitted instead of a full-time lighting system . . .": §7-202(1).

The code also provides that no person shall let to another any rooming unit unless: "Every inside and outside stair . . . shall be safe to use and capable of supporting the load that normal use may cause to be placed thereon; and shall be kept in sound condition and good repair": §7-205(1d). Under article 1-100 of the Philadelphia Home Rule Charter, these provisions have the force of statutes.

It appears to us therefore that the averment that a dangerous and defective condition of the stairs and lighting system in the property owned and operated by defendant caused plaintiff's injury cannot be successfully met by an allegation in the answer that the lease contained a clause exculpating the landlord from liability for such condition. The invalidity of such

clause is a matter of law and need not be pleaded by plaintiff in a reply. It follows that defendant is not entitled to judgment on the pleadings even if the reply is disregarded.

The motion for judgment on the pleadings is dismissed.