## Bryans, Appellant, v. Gallagher.

Argued January 11, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*C. Norwood Wherry*, with him *Albert E. Holl, Jr.*, for appellant.

*Robert F. Jackson*, with him *Robert W. Beatty*, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 20, 1962:

This is an appeal from the judgment which was entered on verdicts for defendants after the court below refused the grant of a new trial. The trial court directed verdicts in favor of the defendants.

The matter presented for determination is a provision in a lease wherein the appellant, W. Robert Bryans is the lessee and the appellees are the lessors. The clause is as follows: "The tenant hereby releases the landlord from all responsibility, and expressly assumes all liability, in any action for damages which may arise from any kind of injury, to anyone, by and on account

of the use, or misuse, of the demised premises, or by and on account of any physical condition whatsoever that may at any time exist upon the premises, or the sidewalk adjacent thereto, during the term of this lease. Provided, however, that in respect to the condition of the premises or sidewalk adjacent thereto, this clause shall not apply in any case where the Landlord shall have received written notice from Tenant of any defect in said premises or the sidewalk adjacent thereto, within a reasonable time after the Tenant has knowledge thereof. Provided, further, that nothing in this clause shall be construed to relieve the Tenant from taking all necessary measures, during the interval between the Tenant's knowledge of the defect and the Landlord's repair thereof, to protect the public and others from injury by reason of such defect."

We are presented with the legal question of the effect of the foregoing paragraph. The verdict was directed for defendants by the trial judge, based solely on the exculpatory effect of the paragraph and the matter of negligence of defendants and contributory negligence of the plaintiff was not considered and did not enter into the judge's action.

The essential facts are that the parties entered into a written lease and the plaintiff became a tenant of the defendants on September 1, 1957. The leased premises was an apartment in a building that had been previously a single dwelling but had been converted into an apartment building. The former single dwelling was converted into five apartments, one of which the plaintiff leased. The premises are located on West Chester Pike, Delaware County. The apartment building is located about 75 yards from West Chester Pike and has a macadam or black top driveway, which driveway is the only means for ingress and egress of pedestrians and vehicular traffic to the apartment building. The plaintiff used this means of ingress and egress daily

from the time he became a tenant until January 9, 1958, when he fell on the drive when leaving his apartment in the morning. He described the condition of the surface of the driveway as consisting of loose stones of various size scattered on the surface, which had become covered with snow and ice and when he stepped on some of the stones his right foot slipped backwards off a stone, which was covered with an icy surface and he fell on his right knee and was injured.

The trial judge, in stating his reason for granting a directed verdict in favor of the defendants, pointed out that the direction was based upon the fact that the plaintiff had signed a lease in which he agreed to the exculpatory clause in it. No factual dispute is present for our purpose of determining the issue before us since it is solely a question of law. It has been held that a tenant may sign a lease agreeing to release the landlord from liability for damages arising from negligence on the part of the landlord, if the public policy of the law is not contravened and in the absence of a statute prohibiting the action by the parties.

We have decided many cases construing the effect of exculpatory clauses in leases. These cases have presented various factual situations and differently worded exculpatory clauses. See *Strothman v. Houggy,* 186 Pa. Superior Ct. 638. (1958), 142 A. 2d 769; *Boyd v. Smith,* 372 Pa. 306 (1953), 94 A. 2d 44; *Darrow v. Keystone Stores, Inc.,* 365 Pa. 123 (1950), 74 A. 2d 176; *Manius v. Housing Authority,* 350 Pa. 512 (1944), 39 A. 2d 614; *Baldwin v. McEldowney,* 324 Pa. 399 (1936), 188 Atl. 154; *Lerner v. Heicklen,* 89 Pa. Superior Ct. 234 (1926) ; and many others cited therein.

The parties herein agree that no notice of the conditions existing on the driveway was given to the landlord by the tenant. It was also agreed that the driveway being the only means of going to and from the apartment building is the sidewalk adjacent thereto,

The plain language of the exculpatory clause prevents the plaintiff from recovering in this situation. He has released the landlord from any claim that he might have had and the language of this paragraph is broad enough to encompass any condition that existed before or during the term of occupancy.

We need not dwell on any other matters, such as the condition of the driveway, either with or without snow and ice, or the factual condition as it would relate to negligence and contributory negligence, since the matter presented as the issue herein is a legal one.

The parties herein were free to enter into a type of contract and provisions thereof that would meet with their approval. As no violation of any law or public policy has been disclosed, we therefore affirm the judgment.

Mr. Justice MUSMANNO dissents.