Inez GILPIN
v.
Morris ABRAHAM
and

Jennie M. Sherr, also known as
Jean Mellon
and
James Walls
v.
Lester HARRIS and Barbara Harris.

Civ. A. No. 32308.

United States District Court
E. D. Pennsylvania.

June 14, 1963.

Michael Shekmar, Philadelphia, Pa., for James Walls, defendant and third-party plaintiff.

Richman & Richman, by Philip Richman, Philadelphia, Pa., for third-party defendants.

WOOD, District Judge.

This motion to dismiss by the third-party defendants presents a question of law for our determination concerning the validity of an exculpatory clause in a lease[1] relieving the lessor from lia-

---

1. "Lessee also agrees to be responsible for and to relieve and hereby relieves Lessor from all liability by reason of any damage or injury to any property or to Lessee or Lessee's guests, servants or employees which may arise from or be due to the use, misuse or abuse of all or any of the elevators, hatches, openings, stairways, hall-

bility by reason of injury to any individual in the leased premises resulting from the lessor's negligence. The Philadelphia Housing Code[2] is pertinent to a consideration of this question.

The plaintiff, while a guest of the third-party defendants, suffered injuries when she fell from a platform attached to an outside fire tower which collapsed because of deteriorated metal supports. She instituted suit against the former and present owners of the building who joined Mr. and Mrs. Harris, the lessees, as third-party defendants.

■ The purpose of the Philadelphia Housing Code is "to protect the *public,* health, safety and welfare * * *"[3] Tenants and their guests being members of the public are entitled to the protection of the Code. Such an ordinance is intended to place the responsibility for building safety on the landlords to prevent the type of mishap that occurred in this case.

■ Defendant relies on the exculpatory clause as providing the ground for his third-party indemnity action against the lessees. It is indeed settled law that such a protective clause is valid and enforceable if it does not contravene any policy of the law; that is, if it is not a matter of interest to the public or the state but merely an agreement between persons concerning their private affairs. Bryans v. Gallagher, 407 Pa. 142, 178 A.2d 766 (1962); Cannon v. Bresch, 307 Pa. 31, 160 A. 595 (1932); and Manius

v. Housing Authority, 350 Pa. 512, 39 A.2d 614 (1944).

"The situation becomes an entirely different one in the eye of the law when the legislation in question is, as here, a police measure obviously intended for the protection of human life; in such event public policy does not permit an individual to waive the protection which the statute is designed to afford him. * * * Here the very title of the Act of 1915—'To protect the public health and safety'—indicates that it was intended to enunciate a public policy. The clause in the lease here invoked by defendant is violative of that policy and is therefore legally inoperative and void." Boyd v. Smith, 372 Pa. 306, 310, 94 A.2d 44, 46 (1953).

Also see Harris v. Greenberg, 17 Pa. Dist. & Co.R.2d 166 (1958); and Maglin v. Weinberg, 21 Pa.Dist. & Co.R.2d 630 (1959).

■ In Boyd v. Smith, supra, the Supreme Court distinguished those cases cited by the third-party plaintiff which uphold exculpatory clauses in a lease. Just as in Boyd v. Smith, supra, the clause in the lease before us is violative of the public policy as set forth in the Housing Code and is therefore legally inoperative and void. Such a clause cannot afford the basis for this third-party action. The motion to dismiss is granted.

---

ways of any kind whatsoever which may exist or hereafter be erected or constructed on said premises or the sidewalks surrounding the building of which the demised premises is a part, or from any kind of damage or injury which may arise from defective construction, failure of water supply, light, power electric wiring, plumbing or machinery, wind, lightning, storm or any other cause whatsoever on said premises or the building of which the demised premises is a part whether such damage, injury, use, misuse or abuse be caused by or result from the negligence of Lessor, its servants or agent or any other person or persons whatsoever."

2. Philadelphia Housing Code § 7–205(1) (b), which requires:
"Every floor * * * shall be substantially rodentproof; shall be kept in sound condition and good repair; and shall be safe to use and capable of supporting the load which normal use may cause to be placed thereon."
and (1) (d) requires:
"Every inside and outside stair, porch and any appurtenance thereto shall be safe to use and capable of supporting the load that normal use may cause to be placed thereon; and shall be kept in sound condition and good repair."

3. § 7–101 Philadelphia Housing Code.