**Erb v. Mackey**

*Norman L. Haase*, for plaintiffs.
*William C. Beatty,* for defendant.

DE FURIA, J., June 8, 1970.—Defendant moves for summary judgment on the pleadings.

Defendant-landlord, by reason of exculpatory terms of the lease, claims immunity from liability to plaintiffs-tenants, in a suit based upon defendant's negligence in failing to properly maintain a common walkway and parking lot on which wife-plaintiff allegedly fell on December 25, 1966.

The single issue is whether or not the tenants have waived their rights to claim damages for negligence of the landlord, or his agents, in and about the premises.

The pertinent provisions of the lease, including marginal headings, dated October 3, 1964, are:

"2. Premises. Lessor does hereby demise and let unto Lessee all that certain first-floor apartment, 35 S. Morton Ave., Morton, Pa. . . .

"11. Responsibility of Lessee. Lessee agrees to be responsible for and to relieve and hereby relieves the Lessor from all liability by reason of any injury or damage to any person or property in the demised premises, whether belonging to the Lessee or any other person, caused by any fire, breakage or leakage of any part or portion of the demised premises, or any part or portion of the building of which the demised premises is a part, or from water, or snow that may leak into, issue or flow from any part of the said premises, or of the building of which the demised premises is a part, from the drains, pipes, or plumb-

ing work of the same, or from any place or quarter, whether such breakage, leakage, or damage be caused or result from the negligence of Lessor or its servants or agents or any person or persons whatsoever.

"12. Responsibility of Lessor. Lessee also agrees to be responsible for and to relieve and hereby relieves Lessor from all liability by reason of any damage or injury to any person or thing which may arise from or be due to the use, misuse or abuse of all or any of the elevators, hatches, openings, stairways, hallways, or any kind whatsoever, which may exist or hereafter be erected or constructed on the said premises, or from any kind of injury which may result from any other causes whatsoever on the said premises or the building of which the demised premises is a part, whether such damage, injury, use, misuse, or abuse be caused by or result from the negligence of Lessor, its servants or agents or any other person or persons whatsoever. . . .

"20. Any headings . . . are inserted solely for convenience of reference and shall not constitute a part of this lease nor shall they affect its meaning, construction or effect."

As a general rule, exculpatory provisions of a lease are valid, and may create immunity from liability for negligence.

Certain standards have been established which must be met before an exculpatory provision will be interpreted and construed to relieve a person of liability for his own or his servants' acts of negligence.

Such standards are:

1. The provisions do not contravene any statute or any policy of law, i.e., are not a matter of public or State interest.

2. The agreement is between persons relating to their own private affairs.

3. The contract is between free bargaining agents and the clauses are not, in effect, a contract of "adhesion," whereby one party simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely.

4. The provisions creating immunity must be strictly construed, since they are not favorites of the law.

5. They must spell out the intention of the parties with the greatest of particularity, and show the intent to release from liability beyond doubt by express stipulation and no inference from words of general import can establish release.

6. The terms must be construed with every intendment against the party who seeks the immunity.

7. The burden to establish immunity is upon the party asserting it: Bryans v. Gallagher, 407 Pa. 142, 178 A. 2d 766 (1962); Kotwasinski v. Rasner, 436 Pa. 32 (1969).

Thus, the single question which we must determine is whether the language of the clauses of the lease before us is sufficiently clear and exact to exculpate defendant as a matter of law.

Are the terms used here, "Lessee . . . relieves Lessor from all liability . . . from any kind of injury which may result from any . . . cause whatsoever *on the said premises or the building of which the demised premises is a part. . .*" a complete release under the facts averred? (Italics supplied.)

If the exculpatory provisions do not clearly cover the area in or on which the tenant was injured, the immunity is inoperative.

What were the premises leased? The first floor apartment, by reference from heading to no. 2 provision of the lease.

To what area or premises do the exculpatory provisions apply? To the "said premises or the building, of which the demised premises is a part."

The landlord recognized a difference between the premises (the first floor apartment) and the building housing all the apartments, and he specifically extended his protection to the entire building.

In paragraph 9 of the lease, the landlord included negative covenants of lessee which prohibited lessee from certain uses of the *outside walls* and/or *pavements* of said premises. But he did not extend his immunity to the common walkway and driveway, which he and the tenants used.

Therefore, the immunity does not extend to the common areas mentioned. See Schnee v. Springwood Gardens, 38 D. & C. 2d 248 (Del. Co., 1965), parking lot; Galligan v. Arovitch, 421 Pa. 301 (1966), lawn. The exculpatory provisions are not "beyond doubt by express stipulation," and as a matter of law are not exculpatory.

Although not necessary to decision, we feel that the contract is one of adhesion.* A landlord's market for apartments exists and has existed for several years. The prospective lessee is not a free bargaining agent; he has only Hobson's choice.

We call attention, also, to heading no. 12, the vital exculpatory clause in question, which is subtly and inaccurately titled in this fine print lease, "Responsibility of Lessor".

Wherefore, we enter the following

## ORDER

And now, June 8, 1970, defendant's motion for summary judgment is denied, refused and dismissed.

---

* See comments of Justices Jones, Cohen and O'Brien in Galligan; Reitmeyer v. Sprecher, 431 Pa. 284, 289 (1968); Employers Liability Assurance Corporation, Ltd. v. Greenville Business Men's Association, 423 Pa. 288.