## Middletown Township Municipal Authority v. Department of Environmental Resources.

546

Argued December 4, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John W. Dean, III,* with him *Dean and McCoy,* for appellant.

*Hershel J. Richman,* Special Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 8, 1973:

Middletown Township Municipal Authority, Bucks County, has appealed an order of the Environmental

Hearing Board imposing a civil penalty in the amount of $3,500 for violation of an order of the Sanitary Water Board prohibiting additional connections to the Authority's sewer system. The Sanitary Water Board's order was made after hearing, was unappealed from and was based upon a finding that the sewer treatment facility of another municipality serving the Authority's system was overtaxed.

The appellant Authority was created by Middletown Township. The Authority constructed sewers under permits of the Sanitary Water Board and leased them to and for operation by the Township, without, however, assigning the permits. The Township was not a party to the proceedings before the Sanitary Water Board. At some time subsequent to the issuance of the order, the Township notified the Department of Environmental Resources that since it had not been a party to the proceedings it was not bound by and would not comply with the order. True to its intention, the Township issued its permits for seven additional connections to the Authority's sewers.

The Authority's defense is that because it was created by the Township solely to construct the sewers and had leased the sewers for operation by the Township, and because it did not consent to or have advance knowledge of the unlawful connections authorized by the Township, it had not violated the Sanitary Water Board's order. This argument lacks ethical, practical and jurisprudential appeal. The permits under which the Authority constructed the sewers and which are still held by it were granted subject to the express condition that the holder would comply with orders of the Sanitary Water Board. Further, Departmental regulations prohibit additional discharges into municipal sewers after notification of their incapacity to accommodate more sewage. Sections 201 and 202 of The Clean Streams Law, Act of June 22, 1937, P. L. 1987,

Article II, as amended by Act of July 31, 1970, P. L. 653, 35 P.S. §691.201 and §691.202, proscribe the discharge of any sewage into the waters of the Commonwealth without authorization of the Department. In the case of the statute, the offense is that of discharging or of permitting the discharge. It was conceded at argument that the lease between the Authority as lessor and the Township as lessee contained the usual covenant of the latter to comply with the regulations and orders of the Department. There is nothing in the record indicating any action of the Authority to enforce the lease upon the Township's expression of its intention to ignore the Water Board's orders or, indeed, when the Authority ascertained that the Township had in fact authorized additional discharges. The Environmental Hearing Board properly found upon substantial evidence that the Authority permitted prohibited connections by failing to prevent them. *Glass Door Liquor License Case,* 193 Pa. Superior Ct. 416, 421, 165 A. 2d 139, 141 (1960). *See also Janiro Liquor License Case,* 163 Pa. Superior Ct. 398, 62 A. 2d 102 (1948).

The Legislature of Pennsylvania has been especially diligent in its efforts to protect waters of the Commonwealth after decades of spoliation as well by municipalities as by private interests. By successively broader definitions of pollution, by successively higher goals of water quality and by successively sterner penalties for injuries to this essential resource, the Legislature has determined the public policy of the Commonwealth to be not only to prevent further pollution of the State's waters but also to reclaim and restore them to a clean, unpolluted condition. Act of June 22, 1937, P. L. 1987, as supplemented and amended by the Act of August 23, 1965, P. L. 372 and the Act of July 31, 1790, P. L. 653, 35 P.S. §§691.1 et seq. This case falls, we believe, within the embrace of the general principle

expressed by Mr. Justice PATTERSON in *Bell, Secretary of Banking v. McAnulty,* 349 Pa. 384, 386, 37 A. 2d 543, 544 (1944): "Where the legislature has, by definite and unequivocal langage, determined the public policy of this Commonwealth with regard to a particular subject, that pronouncement cannot be set aside and rendered unenforceable by a contract between individuals: [citing authority]."

We have considered the appellants' other arguments concerning the amount of the penalty imposed, the absence of departmental rules and regulations for leaseback arrangements, and the procedures of the Board in this case and find them to be without merit.

## ORDER

AND Now, this 8th day of February 1973, the appeal of the Middletown Township Municipal Authority from the adjudication of the Environmental Hearing Board is dismissed.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I agree with the majority's determination that Middletown Township Municipal Authority violated an adjudicated order of the Sanitary Water Board.

However, I cannot agree with the majority's dismissal of appellant's contention that the fine imposed was excessive.

Section 605 of the "Clean Streams Law," Act of June 22, 1937, P. L. 1987, Article II, as amended, 35 P.S. §691.605 provides: ". . . In determining the amount of civil penalty the board shall consider the wilfulness of the violation, damage or injury to the waters of the Commonwealth or their uses, cost of restoration, and other relevant factors. . . ."

Nowhere in the adjudication by the Environmental Hearing Board is there any indication that the above

stated factors were considered in concluding that a $3,500 fine was appropriate. It appears that the Department of Environmental Resources simply determined that a $500 figure was reasonable for this violation, and multiplied it by the seven violations.

Such a procedure fails to adequately explain the Board's determination of the penalty, and handicaps this Court in its review of the adjudication.

My consideration of the factors outlined in the above-quoted portion of the "Clean Streams Law" indicates that the fine imposed here was excessive and should be modified.