## Santiago v. Truitt

*George M. Schroeck,* for plaintiff.
*Roger H. Taft,* for defendant.

JIULIANTE, *J.,* May 4, 1982—

## I.  FACTS

In this negligence action, a tenant is making a claim against her landlord for injuries she sus-

tained when she fell down a flight of stairs allegedly as a result of a defective handrail which pulled off the wall as she was descending. She allegedly sustained a herniated disc, lumbar strain and other spinal and neurological injuries which are averred to be permanent.

Defendant has raised, in new matter, a boilerplate exculpatory clause which reads:

The Lessor shall not be liable for any injury or damage to any person or to any property at any time on said premises or building from any cause whatsoever which may arise from the use of the conditions of said premises or building or from ice thereon, or from water, rain, snow or gas which may leak into, issue or flow from any part of said building, or from the pipes or the plumbing of the same, or from any other place or quarter, or from any other cause, during said term of any renewal thereof.

This clause was underlined by the landlord. The lease contained a further provision, also underlined, which stated:

It is further agreed that the lessor shall not be responsible for and is hereby released from, any and all liability by reason damage or injuries to persons or goods however or wherever occurring.

The printed form containing these sweeping exculpatory clauses is denominated "2—PENNSYLVANIA HOUSE LEASE—" and by reference to the overall document, contemplates the lease of an entire single family dwelling. It contains no description of the apartment rented by plaintiff other than "561 West 4th."

## II. ISSUE PRESENTED

The cause is now before this court on plaintiff's motion to strike off new matter.

Plaintiff is asserting that the above-recited exculpatory clause cannot be raised as a defense to defendant's negligence, and this court agrees.

## III. DISCUSSION

Exculpatory clauses in residential leases are not void as a matter of law. Parties who deal at arm's length and who have relatively equal bargaining power may agree to such terms as they desire in the conduct of their personal affairs: Cannon v. Bresch, 307 Pa. 31, 160 A. 595. However, when a court is considering an exculpatory clause in a residential lease, it must consider that:

(1) Contracts providing for immunity from liability for negligence must be construed strictly since they are not favorites of the law; (2) such contracts 'must spell out the intention of the parties with the greatest of particularity' and show the intent to release from liability 'beyond doubt by express stipulation' and '(n)o inference from words of general import can establish it'; (3) such contracts must be construed with every intendment against the party who seeks the immunity from liability; (4) the burden to establish immunity from liability is upon the party who asserts such immunity. (Citations omitted.)

Kotwasinski v. Rasner, 436 Pa. 32, 39, 258 A. 2d 865, 868 (1969) quoting Employer's L.A.C. v. Greenville B. Men's A., 423 Pa. 288, 292-293, 224 A. 2d 620, 623 (1960).

An evidentiary hearing was held to determine the facts surrounding the negotiation of this lease, for

the purposes of this motion. At that hearing, defendant testified that he "didn't know if the plaintiff had read the lease" during a purported half-hour discussion of its terms. Defendant further testified that plaintiff took no exception to the underlined portions of the lease he gave her and told her to read it. He testified that plaintiff asked his permission to keep pets in the apartment, to which defendant consented. Defendant's girlfriend, Cathy Hess, testified that she "reviewed" the lease and observed the lines drawn under the clauses in question. Plaintiff testified that she expressed concern over the clause indemnifying defendant for damages due to defects in the sidewalks, and that she "noticed" the underlined provisions.

No testimony was elicited at the hearing that indicated that the clauses in question were expressly bargained for. Moreover, the fact that defendant underlined the clauses is of scant relevance. The underlining indicates only that defendant wanted plaintiff to be *aware* of the clauses, and cannot be construed as an invitation to bargain over them.

Thus, the clauses in issue here fail to meet the test of Cannon v. Bresch, supra, 307 Pa. 31, 160 Atl. 595, in that they were not expressly bargained for by parties of relatively equal bargaining power. Pennsylvania Courts have long recognized that prospective tenants do not have bargaining power equal to that of their prospective landlords. See Galligan v. Arovitch, 421 Pa. 301, 219 A. 2d 463 (1966); Pugh v. Holmes, 486 Pa. 272, 405 A. 2d 897 (1979); Spallone v. Siegel, 239 Pa. Superior Ct. 586, 362 A. 2d 263, 265-273 (1976). (Spaeth, J. concurring) and cases cited therein.

Further, the facts alleged by plaintiff, if proved, would clearly show a violation of the Building Code

of the City of Erie. See City of Erie Ordinance 62-1958, §303 as amended. A landlord may not escape liability for the violation of a statutorily imposed duty, i.e., providing handrails on stairs through an exculpatory clause of a lease: Boyd v. Smith, 372 Pa. 306, 94 A. 2d 44 (1953).

## IV. CONCLUSION

In light of the foregoing, plaintiff's motion to strike off new matter and in the alternative motion in limine is granted and defendant shall be precluded from introducing the aforementioned exculpatory clause into evidence or arguing said clause to the jury.

## ORDER

And now, May 4, 1982, it is hereby ordered, adjudged and decreed that plaintiff's motion to strike off new matter and in the alternative motion in limine is granted, and defendant shall not present any evidence relating to any exculpatory clause to the jury at the trial of this action.